JOHN W. ELDREDGE and CHARLES V. DYER, plaintiffs in error, *v.* NORMAN HUNTINGTON, defendant in error.

*Error to Cook.*

*Quere,* Whether an objection to a witness for the plaintiff, on account of his being the security for costs, should not be made before trial.

Where a justice of the peace entered judgment of nonsuit against a plaintiff, when the defendant prayed a judgment in bar, and he afterwards erased the word "nonsuit," at the request of the defendant, but subsequently restored it, and testified that he intended to enter a judgment of nonsuit: *Held,* that the judgment and proceedings were no bar to a subsequent suit for the same cause of action.

After a trial on the merits, the reasons for disturbing a judgment rendered on a finding after all the testimony had been heard by the Court, to which a decision of the facts as well as the law were submitted, should be very strong and urgent.

THIS was an action of *assumpsit* commenced by the defendant in error, against the plaintiffs in error, before Henry L. Rucker, Esq., a justice of the peace of Cook county. The justice rendered judgment for the defendant in error, for the sum of $74,65, and costs, from which an appeal was taken to the Circuit Court of Cook county, where the cause was tried at the April term, 1840, before the Hon. John Pearson, without a jury. The judgment of the justice was affirmed for $77,25. The defendants below moved for a new trial, for the following reasons :

"1. The verdict is against the law, and against the evidence. 2. Alonzo Huntington, who was admitted as a witness, and who was a principal witness, and upon whose testimony the verdict must have been given, was security for costs in this suit, and an incompetent witness, which was not known to the counsel for defendant, till after the trial ; the paper on which the security was written, having been burned with Esquire Rucker's docket and papers."

The defendants below also, at the same time, filed the following affidavit, to wit :

"On the twenty-fifth day of April, A. D. 1840, this cause came on for trial, before the Cook county Circuit Court, and defendant filed a motion to dismiss, which was overruled by the Court, and gave notice that he would insist upon a former recovery in the case, for the same cause of action, and filed his plea of *non est factum*, duly sworn to.   The plaintiff called Henry L. Rucker, who testified that he was, on the 23d day of September, 1839, an acting justice of the peace in said county, and that, on that day he tried said cause ; and that on said trial, a note was produced by said plaintiff, signed Eldredge & Dyer, for the sum of one hundred dollars, he thinks, payable to plaintiff, on which was due, about the sum of sixty dollars ; the defendant pleaded former recovery in bar, for the same cause of action ;— recollects about sixty dollars was due on said note, and that former recovery was pleaded.   Said note was destroyed in the fire at Chicago, in October last, with other papers, and the docket of the witness. The note was in handwriting of Dr. Dyer.   Plaintiff called F. A. Howe, who was a justice of the peace, and produced his docket, which is in the following words and figures, to wit :

" ' Norman Huntington *v.* John W. Eldredge and Charles V. Dyer.   Demand, $61,08.   Assumpsit.   December 4th, A. D. 1838, summons issued to S. J. Lowe, Constable, returnable December 14th, at ten o'clock A. M.   December 12th, summons returned, served by reading to both defendants, Constable's fees, $ 0,60.   December 14th, cause called, defendant Eldredge in court ; plaintiff not, nor any person for him.'

" ' The plaintiff's declaration, being on the following promissory note, to wit : " Chicago, December 15, 1836.   One day after date, we promise to pay to Norman Huntington, or his order, the sum of one hundred dollars, for value received, with interest at ten per cent.   Eldredge & Dyer."   To which, defendant, Eldredge, pleads *non est factum*, and after being duly sworn, did depose and say, that he did not execute the note declared upon, nor was said note given in the course of the partnership deal, neither did he assent to have his name to said note, but did actually refuse so to do, previous to the execution of the same, and thereof prays judgment of nonsuit, which is sustained by me, and judgment rendered against the plaintiff for costs of suit.'

The said witness said he knew Eldredge and Dyer, in 1836, and that they were in partnership in the practice of medicine before, and at, and after, the date of said note ; that the note described in his docket, was the note sued on before Esqr. Rucker ; saw the note on the trial before Esqr. Rucker, and knew it to be the same ; that the note and signature of Eldredge and Dyer were in the handwriting of Charles V. Dyer. On cross-examination, he stated it was the same note sued on before him ; that he first entered judgment of nonsuit, and believed that, at the time, to be the proper judgment ; that several hours afterwards, Mr. Skinner, attorney for Eldredge, desired him to enter judgment on the merits ; and accordingly he struck out the words ' a nonsuit' ; that at the trial of the cause before Rucker, he added, after the words ' judgment,' the words ' of nonsuit' ; and that the judgment he intended to enter, was that of nonsuit ; that plaintiff did not appear before him at the trial ; that the note was there, and the plea of *non est factum* was made and sworn to by defendant, and no evidence was produced. Witness was asked by plaintiff, if he knew of any note ever having been so executed by defendants before, who said he did not, and knew of no dealings by them as partners, except in the practice of medicine ; but there might have been. Defendant then called Mark Skinner, who testified, that he was the attorney of said defendant, on the trial before Howe ; that, on the same day of trial, a few hours after, he asked Howe to let him see the entry of judgment in his docket, and found it to be entered for a nonsuit ; he desired the justice to strike out the words ' a nonsuit,' and insert judgment, which he did ; and also, that he prayed judgment, not judgment of ' nonsuit,' at the time of trial. George Manierre being called, testified, that Dyer and Eldredge were partners in the practice of medicine, in and before, and after the month of December, A. D. 1836 ; that he had an impression that he had heard something from somebody, respecting the matter in controversy, and that Dyer and Eldredge were interested in the purchase of real estate ; had no distinct recollection from what, or from whom. Sidney Abell being called, said that he was absent in December, A. D. 1836 ; left Chicago in the fall, and did not return till after December ; knew of Eldredge and Dyer being partners, or supposed they were ; he had seen them in the office, before he left as aforesaid ; knew nothing of their being partners in any other transactions, except in the practice of medicine. Plaintiff then called Alonzo Huntington, who testified that defendants were in partnership, at the time of the execution of the note ; that he knew them to have been interested in the purchase and sale of real estate, in 1836, but never knew them to execute notes in their partnership name ; thinks they were interested in such real estate as partners, but did not know of their so being. On cross-examination, states that Eld-

redge's name did not appear in the papers. In answer to a question from defendants, ' What have you heard plaintiff say about said notes ? ' he said that he heard plaintiff say, note was given for money borrowed by Dyer ; that defendants were both present at the time of execution of the note, and both assented to it ; that they owned a claim together, which plaintiff talked of purchasing, and that if he concluded so to do on seeing the same, the money borrowed by Dyer was to be in part payment for the said claim. Which was the substance of all the testimony given in this cause, and thereupon the Court rendered judgment for the plaintiff for $74. GRANT GOODRICH."

" Sworn to and subscribed before me,
this 2d day of May, A. D. 1840.
R. J. HAMILTON, *Clerk.*"

It was agreed between the parties, that said affidavit should be taken and used as part of the record in this cause, and that the same force and effect should be given to the same, as if the judge had signed the same as a bill of exceptions. The Court overruled the motion for a new trial, and the cause was removed to this Court by writ of error.

The following errors are assigned by the plaintiff in error, to wit :

" The plea and proof of former recovery was a full defence and bar to said action.

" The judgment is for a greater sum than was proved.

" The Court erred in giving judgment for plaintiff below.

" The Court erred in overruling the motion for a new trial."

GILES SPRING and GRANT GOODRICH, for the plaintiffs in error :

If a cause be submitted to the justice after hearing proofs, it is not then in the power of the justice to nonsuit the plaintiff. His determination is equivalent to the verdict of a jury, and judgment thereon ; and though he may call his judgment a judgment of nonsuit, and enter it accordingly, yet, in law, it will be deemed a judgment for the defendant ; and will be a bar to a subsequent action. Elwell *v.* McQueen, 10 Wend. 519 ; 11 Johns. 457 ; R. L. 388, § 6, 390, § 9 ; Gale's Stat. 404, 405.

JUSTIN BUTTERFIELD and ALONZO HUNTINGTON, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :

We see no sufficient reason for reversing the judgment.

The testimony, whatever conflict may be supposed to have existed in it, appears to have been weighed and decided by the Court below. The supposed interest in the witness, Huntington, does

not appear to have been established ; and if it had, we very much doubt whether it is not an objection brought forward at too late a stage of the proceedings.

The objection, after trial, is, we are inclined to believe, too late. After a trial on the merits, the reasons for disturbing a judgment rendered on a finding after all the testimony has been heard by the Court, to which the decision of the facts, as well as the law, is submitted, should be very strong and urgent. Ample justice seems to have been done in this case.

The judgment is affirmed, with costs.

*Judgment affirmed.*