JOSEPH A. GRISWOLD

*v.*

WILLIAM H. SHAW *et al.*

1. PRACTICE—*trying cause out of its order.* It is error to take a case up and render judgment out of its order on the docket, under what is known as the five days' rule of the Superior Court of Cook county, against the objections of the defendant.

2. FILING ADDITIONAL PLEAS—*on amendment of declaration.* When a plaintiff is permitted to amend his declaration in a material respect, the defendant should be permitted to file additional pleas to the amended declaration.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HOLMES, RICH & NOBLE, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by appellees, against appellant, to recover the amount of two promissory notes executed by the latter to the National Life Insurance Company of Chicago, and claimed to have been assigned to appellees.

The case was taken up, and judgment rendered against appellant's objections, out of its order on the docket, under what is known as "the five days' rule" of the Superior Court. This, as was held in *Fisher* v. *The National Bank of Commerce,* Sept. T. 1874, is error, for which the judgment must be reversed.

29—79TH ILL.

It appears, also, appellees were allowed to amend their declaration in a material respect, and thereafter appellant asked leave to file additional pleas, which the court denied.

The pleas proposed to be filed were for the purpose of putting in issue the *bona fides* of the assignment of the notes. They seem to be properly framed, and verified by affidavit, and, on that assumption, we are at a loss to comprehend why they were not allowed to be filed. No rule of court seems to have been in the way, and when the declaration was materially amended, we think appellant had the right to plead to the amended declaration.

The judgment is reversed and the cause remanded.

*Judgment reversed.*