CATHARINE McCARTHY *et al.*

*v.*

PETER NEU *et al.*

1. PLEADING AND EVIDENCE—*when execution of contract must be proved.* Where the plaintiff files the common counts only, if he relies on a written contract as evidence, a copy of which is not filed with the declaration, he must prove its execution by the defendant, but if he is, before the trial, allowed to file such copy by consent, as the instrument sued on, the defendant can not deny its execution except under plea verified by affidavit.

2. PRACTICE—*right to file additional plea.* Where the plaintiff declares under the common counts only, filing a copy of account, and after pleas filed of the general issue and set-off, by consent, files a copy of a written contract as the agreement sued on, the defendant will have the right to plead to such cause of action, either to deny the execution of the contract or to avail of a set-off to it.

3. Where the plaintiff amends his declaration in matter of substance, the defendant should be permitted to file additional pleas, and the filing of a copy of an agreement as a cause of action relied on, when the common counts only are used, is analogous to a material amendment of the declaration.

4. It is no sufficient ground for refusing leave to the defendant to file an additional plea of set-off of damages for the non-performance of a special contract, that such damages may be recouped under the general issue. The defendant has the right to recover any excess of damages in his favor, and should not be driven to a new suit in order to recover the same.

5. Same—*when the specific objection should be made.* Where leave to file an additional plea is refused on a certain ground, which was the only ground specified in the objection, and which is not sufficient, other and different reasons can not be urged in this court for the first time why the leave should not have been granted. Objections not made in the court below will be considered as waived.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

In July, 1873, the appellees brought suit in assumpsit against the appellants, the declaration containing the common counts only, and the account filed therewith being for "balance due on contract, $4000," and two other small items.

On October 11, 1873, the defendants filed two pleas,—1, General issue; 2, Set-off for money had and received, $6000.

On November 6, 1873, leave was given to the plaintiffs, on motion, to amend the declaration by inserting the name of Agnes McCarthy therein. On October 14, 1874, there was filed a copy of an agreement between the parties, by which the plaintiffs agreed to furnish the materials and do the mason work on a building for the defendants for $22,000, to be finished on a particular day, with a stipulation appended, signed by the attorneys of the defendants, consenting that "this be filed with the declaration as copy of agreement sued on." On the same day, October 14, defendants filed a third plea, setting forth that agreement, alleging payment of $18,000 by defendants on the contract and a breach of its conditions by plaintiffs, wherefrom defendants sustained damages to the amount of $15,000, offering to set off the same to the extent of plaintiffs' demand, and asking for judgment for the remainder. On October 15, 1874, the plaintiffs moved to strike the third plea from the files, as not having been filed by leave of court, which was done. Thereupon defendants moved for leave to file the third plea, to which leave plaintiffs' counsel objected, for the reasons that the plea amounted to the general issue, and that the issues had been made up, and that the cause was about to be called for trial and had been placed on the trial

docket for October 9. The court sustained the objection, and refused leave to file the plea, and defendants excepted.

On October 15, 1874, a replication of *nil debet* to the second plea was filed. After amending the third plea by inserting an averment that plaintiffs' cause of action was for work and materials done and furnished under said agreement, defendants again on October 19, 1874, asked leave to file this third plea, which leave the court refused because the case was No. 100 on the trial calendar, and No. 80 was on trial;—it appeared that the call for that day did not extend beyond No. 93. Defendants excepted. On October 29, 1874, the defendants withdrew their first plea, and a trial of the issue upon the second plea was begun and some evidence heard, when defendants, on leave, withdrew that plea, and the jury assessed plaintiffs' damages at $3900, for which judgment was rendered. The defendants appealed.

Messrs. Gookins & Roberts, for the appellants.

Messrs. Cooper, Garnett & Packard, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

Refusing leave to file the additional plea is assigned for error. Appellants' counsel concede the general rule to be, that it is matter of discretion with the court to allow or refuse the application to file an additional plea, but claim that this case is to be excepted on account of the filing of the copy of the agreement on October 14, 1874.

It is a provision of the statute, that no person shall be permitted to deny on trial the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defence or set-off, or is admissible under the pleadings when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit. R. S. 1874, p. 779, § 34. As the case stood before the copy of the agree-

130 ·McCarthy *et al.* v. Neu *et al.* [Sept. T.

Opinion of the Court.

ment was filed, plaintiffs, on trial, would have been obliged to prove the execution of the agreement by the defendants. But after the filing of such copy, under the statute, plaintiffs were relieved from the necessity of making such proof, and defendants would not be permitted to deny on trial the execution of the agreement, unless they should have filed a plea of denial verified by affidavit. Thus the filing of the copy necessitated the filing of a further plea denying the execution of the instrument and verifying it under oath, in order to avail ·of the defence of the non-execution of the agreement. In such case there would be the right to file a further plea. And we incline to think that the filing of the copy of the agreement made such a change that defendants should· have been permitted to plead in respect to it, whether to deny the execution of the agreement, or to avail themselves fully of a set-off ·against it.

Until the filing of the copy, defendants presumptively did not know what was the particular cause of action, and when it was thus disclosed, there was a propriety in allowing the presentation of such defence as there might be against it.

The declaration had been amended, since the filing of the first two pleas, by inserting the name of another plaintiff. The filing of the copy of the agreement, too, was analogous in effect to the amendment of the declaration, in the respect of the need of a plea to meet it; and the application of the rule of allowing the filing of additional pleas, where there has been a material amendment of the declaration, would seem to have been proper in this case. It was held in *Griswold* v. *Shaw*, 79 Ill. 449, that when the plaintiff amends his declaration in· a material respect, the defendant should be permitted to file additional pleas.

The plea offered was necessary in order to the recovery from the plaintiffs of the balance of damages claimed. It does not suffice that, as appellees' counsel say, defendants might, under the plea of the general issue, recoup their damages to the extent of preventing any recovery by plaintiffs, and have brought

a new suit for any excess. As the whole question of the damages would have been gone into in this suit, it would be fit that full recovery for them should there be had, and all litigation in respect to them ended. There should not have been imposed on defendants the unnecessary inconvenience of being turned around to a new action, and a re-investigation of the same matter, in order to recover the remaining portion of their damages. The law disfavors a multiplicity of suits.

It is objected that the plea was not verified, and that it was defective in form. It was not required by the court to be verified. Had the court made it the condition of filing the plea that it should have been verified, the question would be different. Specific objections were made to the filing of the plea, and the refusal of leave to file it was, for specific reasons assigned.

The objections and reasons now urged are entirely different, not suggested in the court below. We think they should not be made here for the first time, but be considered as having been waived, the plea having been objected to in the court below and not permitted to be filed for specific reasons other than those now urged. *Kankakee and Illinois River Railroad Co.* v. *Chester,* 62 Ill. 235 ; *Wickenkamp* v. *Wickenkamp,* 77 id. 92.

So far as appears from the record, there is reason to believe that injustice was done the defendants in refusing leave to file the plea, and the judgment will be reversed and the cause remanded.

*Judgment reversed.*