Orvis v. Cole.

---

## Lavina L. Orvis
### v.
## M. H. Cole.

1. Error in re-instating cause—Time to take advantage of.— Where orders re-instating a cause were entered in vacation and term time, after the term had passed at which the cause had been dismissed for want of prosecution, and defendant in error, after the cause was re-instated in term time, without any objection' to such action of the court, applied for and obtained leave to withdraw his answer, theretofore filed, and interposed a demurrer, which the court sustained. *Held*, that defendant in error, having treated the cause as still pending in the court below, can not now be heard in this court to urge an affirmance of the decree dismissing the bill, upon sustaining the demurrer, upon the ground that the cause was improperly re-instated.

2. Irregularity in filing supplemental bill—How advantage should be taken of.—If there was any irregularity in this case in filing the supplemental bill and the amendment to the original bill, without leave of court, had in term time, advantage of it could not be taken by demurrer, but a motion should have been entered to strike it from the files. This not being done, when the cause was re-instated such supplement and amendment became a part of the record, the same as though the cause had not been out of court.

3. Mortgage—Bill to foreclose—Necessary parties.—Where complainant was the owner of a large part of certain premises and a deed of such premises, absolute on i's face, was made by her and her husband to defendant, but this conveyance was a mortgage and was so treated by defendant in his bill to foreclose, and complainant was not made a party to such foreclosure proceedings, she could not be affected by any decree rendered in said cause. Her equity of redemption would still subsist, and if she offered to pay defendant the amount of the mortgage debt, which he refused to receive, she would be entitled to the interposition of a court of equity.

Error to the Circuit Court of McHenry county; the Hon. Charles Kellum, Judge, presiding. Opinion filed February 29, 1884.

Orvis v. Cole.

This bill in equity was filed by the plaintiff in error, the wife of Samuel L. Orvis, against the appellees, praying for an injunction and for general and special relief.

Briefly stated, the allegations of the bill are, that appellant was the owner by inheritance from her father, of the south 113 acres of a certain quarter section of land, and that she became the purchaser with her own means, of the north 49 acres of the same quarter, but the deed therefor was taken to herself and said Samuel, her husband, jointly. That for twelve years said premises had been the homestead of herself and family, and was still occupied as such. That on or about the 17th day of July, 1876, she and her husband conveyed said premises by deed absolute upon its face, but in reality, by way of mortgage to Miles H. Cole, to secure the payment of about $3,807.

That said Cole, at the September term, 1878, of the McHenry Circuit Court, exhibited his bill to foreclose said mortgage, making the said Samuel the party defendant, and obtained a decree of foreclosure against him for $3,870.45, and an order for the sale of said premises. That the master in chancery sold the same under said decree to said Cole in full satisfaction of said decree, and not being redeemed, the master executed to Cole a deed for the premises.

She then claims by her bill that the mortgage was paid by such sale, and her interest in the land discharged, and as she was not a party to the proceedings to foreclose, the decree is not binding upon her, and that as against her title the deed of the master is void, and should be removed as a cloud.

Further shows that Cole procured a writ of assistance to issue in said proceedings to put him in possession of said premises, but as she was not a party such writ was practically useless to him, and he thereupon commenced a suit of forcible detainer against her and her husband before appellee Baldwin, a justice of the peace, and obtained judgment, and threatens to sue out a writ of possession and will do so unless enjoined. That the judgment against her and her husband before said justice was based upon a lease of said premises made by Cole to her husband after the execution of the deed to him.

Orvis v. Cole.

The judge of the circuit court refused an injunction upon the bill, and on the 29th of September, 1880, in term time, the complainant asked for and obtained leave to file an amended and supplemental bill. Cole filed his answer to the original bill, and the case was continued to the next term.

At the next term of court the solicitor of complainant withdrew his appearance, and upon defendant's motion the suit was dismissed for want of prosecution. In vacation after said term, the complainant applied to the judge of said court for an order re-instating said cause, and renewed her application to file amended and supplemental bill. An order was signed by the judge granting her application, which was filed with the clerk, and thereupon the complainant filed a supplemental bill and therein included certain amendments to her original bill. She alleges, by way of amendment, that said premises greatly exceeded in value the amount of said mortgage debt, and while still insisting that the debt was paid by sale of the interest of her husband therein, yet avers her readiness to redeem said premises, if the court should not find said debt paid; and that she has offered to pay said Cole the amount of said mortgage indebtedness, but he refuses to receive the same, denying her right to redeem.

She also charges, by way of supplement to her original bill, that since she filed said bill, said Cole, by virtue of the proceedings before said justice, has obtained the possession of said premises, and is in the receipt of the rents and profits thereof, and prays that an accounting may be had and she be allowed to redeem upon paying the amount that may be found due him by final decree.

The case was placed upon the docket, and at the September term, 1881, the defendant entered his motion to strike from the files the order made in vacation re-instating said cause. At the next term, the above motion was set down for hearing in vacation and the cause continued.

At the May term a cross-motion was entered for an order re-instating said cause, which was also set down to be heard in vacation.

Nothing further appears to have been done in said cause

until the January term, 1883, when by consent the order re-instating said cause was vacated because entered in vacation; and thereupon, the complainant entered her motion to re-in-state said cause, which was sustained, and also asked leave to file amended and supplemental bill.

The defendant, Cole, thereupon asked and obtained leave to withdraw his answer and to file a demurrer to the bill, which was allowed, and the court sustained the demurrer and dismissed the bill, and the record is brought to this court by complainant by appeal.

Messrs. GENTLEMEN & FLOWER and Mr. C. B. CHAPMAN for plaintiff in error; that in favor of the equity of redemption, a court of chancery will allow a deed absolute on its face to be shown to be a mortgage, cited DeWolf v. Strader, 26 Ill. 225; Bispham on Equity, § 155; Tillson v. Moulton, 23 Ill. 648; Price v. Karnes, 59 Ill. 276; Deven v. Blake, 44 Ill. 135: Parmelee v. Lawrence, 44 Ill. 405.

Once a mortgage, always a mortgage: Bispham on Equity, § 153; Newcomb v. Bonham, 1 Vern. 7; Price v. Perrie, 2 Freem. 258; Willet v. Winnell, 1 Vern. 488; Jones on Mort-gages, § 7.

On a bill to foreclose a mortgage, the mortgagor is an indispensable party: Lane v. Erskine, 13 Ill. 501; Harvey v. Thornton, 14 Ill. 217; Gilbert v. Maggord, 1 Scam. 471; Ohling v. Luitjens, 32 Ill. 23; Walsh v. Truesdell, 1 Brad-well, 126; Hopkins v. Roseclare Lead Co., 72 Ill. 373; Michigan Ins. Co. v. Brown, 11 Mich. 265; Worthington v. Lee, 2 Bland (Md.), 678; Moore v. Starke, 1 Ohio, 369; DeLeon v. Hignera, 19 Ala. 200; Hall v. Nelson, 23 Barb. 88.

When a sale on execution would cast a cloud upon title, equity will interfere by injunction: Groves v. Webber, 72 Ill. 606; Christie v. Hale, 46 Ill. 117.

Leave to amend pleadings necessary to present an issue on the merits of a cause is no longer discretionary with the court, but is the legal right of the party: Drake v. Drake, 83 Ill. 525; Knickerbocker Ins. Co. v. McGinnis, 87 Ill. 70; Empire Fire Ins. Co. v. Real Estate Trust Co.,1 Bradwell, 391.

Orvis v. Cole.

Mr. T. D. MURPHY and Mr. A. B. COON, Jr., for defend-ants in error; that as this is in chancery, it is the right of de-fendants to avail themselves of any errors apparent to the court upon a full inspection of the record, the same in all respects as if error had been formally assigned in apt time, cited Carter v. Moses, 40 Ill. 55; Pool v. Docker, 92 Ill. 508.

PILLSBURY, J.   It is now insisted by the appellee, Cole, that the orders re-instating said cause, entered both in vacation and in term time, were void, for the reason that the term had passed at which it had been dismissed for want of prosecution.

That many of the orders and proceedings had in this case were irregular can not well be doubted, but it is quite clear that the appellee is not in a position to avail himself of any error or irregularity of the court in this regard.

The defendant, after the cause was re-instated in term time, and without any objection to such action of the court, applied for and obtained leave to withdraw his answer theretofore filed, for the purpose of interposing a demurrer, which could only have the effect of raising the question whether the com-plainant was entitled to any relief upon the facts alleged, and having taken this action, he must be held to have ac-quiesced in the action of the court in re-instating the cause.

The dismissal of the cause for want of prosecution would not prevent the complainant from filing a new bill, setting up the same facts averred by her in her original and supple-mental bill, and having this right, at the time the cause was re-instated, it would be very unjust to permit the defendant to obtain a decree dismissing the bill for want of equity, the effect of which decree might be difficult for the complainant to avoid if pleaded in bar to a new bill asking the same relief.

Having treated the cause as still pending in the court be-low, he can not now be heard in this court to urge an affirm-ance of the decree dismissing the bill, upon sustaining the demurrer upon the ground that the cause was improperly re-instated.   Herrington v. McCullum, 73 Ill. 476; McCarthy v. Neu, 91 Ill. 127; Miere v. Brush, 3 Scam. 21; Vasey v. Trustees, 59 Ill. 188.

The case, then, at the time the demurrer was filed and decision thereon rendered, was in the same condition as though it had never been dismissed for want of prosecution and the question is, whether there is any equity in the bill.

The irregularity in filing the supplemental bill and the amendment to the original bill, if there be any, without leave of court had in term time, can not be taken advantage of by demurrer, but a motion should have been entered to strike it from the files. This not being done, where the cause was re-instated, such supplement and amendment became a part of the record, the same as though the cause had not been out of court.

It had then been on file for several terms, and not being stricken from the files, was to be considered as a part of complainant's bill, and the demurrer of the defendant went to that as well as the original bill.

The bill shows that the complainant was the owner of a large part of the premises, and that the conveyance to Cole was but a mortgage and was so treated by him in his bill to foreclose.

She not being a party to the foreclosure proceedings, it requires no citation of authorities to show that she is not affected by any decree rendered in said cause. Her equity of redemption still subsists, and as she has offered to pay Cole the amount of the mortgage debt, which he refuses to receive, no reason is perceived why she is not entitled to the interposition of a court of equity in her behalf, and to have a decree for redemption upon paying the amount found due upon the mortgage, after the account shall be adjusted upon equitable principles. .

To this extent, at least, if she sustains by proof the case made by her bill, she is entitled to relief.

The motion of the complainant entered at the January term, 1883, to amend the bill, seems not to have been passed upon by the court, which is also assigned as error. It does not appear from the record, that any amendment was presented to the court showing in what manner it was proposed to amend, and we can not, therefore, say there was error in not disposing

of the motion before acting upon the demurrer; and as to the motion made to file a supplemental bill not being determined by the court, no harm was done the complainant, as no leave of court is necessary to be obtained in order to bring to the attention of the court, by supplemental bill, material facts which have occurred since filing the original bill.

For the error in sustaining the demurrer to the bill, the decree of the court will be reversed and the cause remanded, with leave to the complainant to amend her bill if she shall be so advised, and for such further proceedings in the cause as equity may require.

Decree reversed.