Sigmund Motel and E. Phillips, Appellants, v. Stella Andracki et al., Appellees.

Gen. No. 40,334.

Opinion filed February 27, 1939. Rehearing denied March 24, 1939.

WILLIAM M. ZIPPERMAN, of Chicago, for appellants.

KIRKLAND, TOLLKUEHN, FINN & SMITH, of Chicago, for appellees; JAMES K. FINN and AMBROSE P. FINN, JR., of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On February 21, 1930, in the municipal court of Chicago, plaintiffs recovered a judgment against defendant Stella Andracki in the sum of $2,446.50. On March 3, 1930, a writ of execution was issued by the clerk and delivered to the bailiff, who, on March 12, 1930, left a copy thereof with defendant Stella Andracki and made a demand thereon. On March 2, 1937, scire facias proceedings were instituted in the municipal court of Chicago to revive said judgment and defendant Stella Andracki was personally served with summons in said proceeding. Thereafter, on March 16, 1937, the court entered judgment in due form that the original judgment be revived. On March 29, 1937, an execution was issued thereon and delivered to the bailiff, who demanded that the judgment debtor pay the amount of the judgment. She refused so to do, and ''fraudulently'' (according to plaintiff) insisted that she had neither money nor property to satisfy the execution.

On May 23, 1930, plaintiffs filed a bill in aid of execution, in the circuit court of Cook county, against defendant Stella Andracki and other defendants, for the purpose of (1) removing from certain real estate the lien of a trust deed from defendant Stella Andracki to Chicago Title and Trust Company, dated December 14, 1929, and recorded December 17, 1929, and (2) also removing an alleged ''pretended conveyance'' of the same premises to Joseph Natzke and Kate Natzke, which ''pretended conveyance'' was made on February 21, 1930. The bill asserted that the two conveyances were without consideration and were made for the purpose of defrauding plaintiffs in collecting their judgment. The cause was referred to a master in chancery for the purpose of taking testimony and reporting his conclusions of law and fact. While it was pending before the master the grantees in the alleged fraudulent conveyance, namely Joseph Natzke and

Kate Natzke, reconveyed the premises to defendant Stella Andracki. On November 19, 1937 (approximately seven and one-half years after filing), the circuit court dismissed the cause for want of prosecution during the call of a "No Progress Calendar." On December 16, 1937, plaintiffs herein moved to vacate the order of dismissal, which motion the circuit court overruled. Thereafter, on March 11, 1938, plaintiffs filed a complaint in the superior court against Stella Andracki, Leonard A. Andracki, Edward Andracki and Chicago Title and Trust Company, as trustee. The complaint recited the judgment entered on February 21, 1930, and its revival on March 16, 1937; and averred, *inter alia,* that subsequent to the reconveyance of the real estate to defendant Stella Andracki by Joseph Natzke and Kate Natzke, and on March 12, 1937, defendant Stella Andracki made a "pretended conveyance" of the real estate by warranty deed to Leonard A. Andracki and Edward Andracki; that no consideration therefor had been paid to said Stella Andracki and that the conveyance was fraudulent as to plaintiffs. The complaint also set out that on December 14, 1929, defendant Stella Andracki made a "pretended" trust deed securing two notes, one for $3,500 and one for $1,500, to Chicago Title and Trust Company, as trustee, and that the mortgage and notes were without consideration and fraudulent as to plaintiffs; and plaintiffs prayed that the trust deed and the warranty deed be set aside so that they might proceed to collect the judgment as against the real estate described. Defendants Leonard A. Andracki and Edward Andracki are sons of defendant Stella Andracki. Defendant Chicago Title and Trust Company filed an answer to the second complaint in equity in which it denied the allegations of fraud, and asserted that it did not have knowledge or information sufficient to form a belief as to other allegations. The other de-

fendants filed a motion to dismiss the complaint on the ground that the action was barred by laches as shown on the face of the complaint. The chancellor directed the defendants to file a petition in support of their motion, and on April 8, 1938, they filed a petition in which they set out, *inter alia,* that the premises involved were conveyed by defendant Stella Andracki to her sons Leonard A. Andracki and Edward Andracki on March 12, 1937, after the lien of the judgment had expired and before it was revived; and further recited the proceedings in the circuit court wherein the previous complaint was dismissed for want of prosecution. Plaintiffs filed an answer to the petition and asserted that the complaint was not barred by laches for the reason that it did not appear that defendants were prejudiced by the delay; and, further, that defendants Leonard A. Andracki and Edward Andracki did not allege in their petition that they were bona fide purchasers of the premises for value; that the previous bill in the circuit court was dismissed without the knowledge of plaintiffs; that in the hearing before the master in chancery while the previous case was pending "admissions were made by Joseph Natzke and Kate Natzke, in the presence of defendants, that Stella Andracki knew nothing of the conveyance, and it was then and there, while said suit was pending, reconveyed by deed from Joseph Natzke and Kate Natzke to Stella Andracki; that the conveyance from Stella Andracki to her two sons, Leonard A. Andracki and Edward Andracki, is done with the intent to cheat and defraud the plaintiffs herein and to deprive them of their right to levy upon said real estate in satisfaction of the debt."

In the second equity case the chancellor sustained the motion of defendants Stella Andracki, Leonard A. Andracki and Edward Andracki and dismissed the cause, and on appeal the record is brought before us.

There is a substantial agreement on the facts. The judgment was entered on February 21, 1930, and expired by limitation 7 years thereafter. On March 2, 1937, the scire facias proceedings to revive the judgment were instituted and on March 16, 1937, the judgment was revived. On March 12, 1937, in the interim between the filing of the proceedings to revive the judgment and the entering of the order reviving the judgment, defendant Stella Andracki conveyed the real estate in question to her sons Leonard A. Andracki and Edward Andracki. At this time it is unnecessary to discuss the part of the complaint which seeks to set aside the lien of the trust deed as fraudulent. The trustee has filed an answer and whether the transaction was fraudulent as to plaintiffs will be determined when the cause is heard. It is conceded that when the 7-year period subsequent to the rendition of the judgment expired the lien which plaintiffs had acquired by virtue of their judgment and the issuance of an execution thereon was lost. The parties also agree that a judgment may be revived within 20 years and that when the judgment was revived a new lien arose. The Supreme Court, in *Bank of Eau Claire v. Reed,* 232 Ill. 238, 241, said: "The judgment is that the original judgment be revived and stand in full force and effect as of the date of the rendition thereof, and that the plaintiff have execution against the defendant for said judgment, together with the plaintiff's costs in the original action and this action. The judgment under a *scire facias* to revive a judgment is not *quod recuperet* for the amount due, but its object is to revive the judgment just as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it." Hence the judgment as and when revived is invested with the same attributes as when it was originally entered. An examination of the briefs

discloses that the parties are in substantial agreement on the law up to this point.

Plaintiffs contend that they have a right to maintain their complaint to remove what they allege are fraudulent conveyances of the property of the judgment debtor. In the case of *French v. Commercial Nat. Bank,* 199 Ill. 213, the court decided that a judgment creditor may, on the issuance of an execution and the placing thereof in the hands of the sheriff, file his bill in equity to set aside alleged fraudulent conveyances, and that in such case it is immaterial whether an execution had been issued and returned *nulla bona* prior to the filing of the bill. Defendants concede that plaintiffs' contention in this respect is correct. Defendants urge, however, that the long continued delay in prosecuting the supposed rights of plaintiffs constituted laches and bars any right to equitable relief, and that laches may be raised for matters appearing on the face of the bill. It is manifest that if the facts constituting laches appear on the face of the complaint a motion to dismiss is proper. The first complaint, filed in the circuit court on May 23, 1930, was dismissed on November 19, 1937, during the call of a "No Progress Calendar." It must be borne in mind, however, that any of the parties to the cause could have moved to speed the cause. Defendants could have made such a motion. The fact that the case was dismissed for want of prosecution did not in any way prevent plaintiffs from filing another bill. The petition accompanying defendants' motion to dismiss does not deny the truth of any of the allegations of the complaint; it relies solely on the ground of laches. Plaintiffs argue the chancellor was in error in sustaining the motion because defendants did not show that the delay of plaintiffs in prosecuting their complaint prejudiced defendants, and cite *Dixmoor Golf Club v. Evans,* 325 Ill. 612, where the court said (pp. 622, 623):

"A court of equity applies the doctrine of *laches* in denial of relief prayed, where the statutory period of limitation has not expired, only where, from all the circumstances in evidence, to grant the relief to which the complainant would otherwise be entitled would presumptively be inequitable and unjust because of the delay to the defendants. (*Stiger v. Bent,* 111 Ill. 328.) *Laches* is such a neglect or omission to assert a right as, taken in conjunction with lapse of time and other circumstances causing prejudice to the opposite party, operates as a bar in a court of equity. (*Morse v. Seibold,* 147 Ill. 318.) It will only be applied where, from all the circumstances, to grant the relief to which the complainant would otherwise be entitled would presumptively be inequitable and unjust because of the delay. (*Coryell v. Klehm,* 157 Ill. 462.) A court of equity will be slow to apply the doctrine when there is no change in the situation of the parties to the prejudice of the defendant during the delay. (*Totten v. Totten,* 294 Ill. 70.) Mere delay short of the statutory period of limitation will not be *laches* where there are no circumstances which place the defendant in a worse position because of the delay. (*Gibbons v. Hoag,* 95 Ill. 45, *Lynn v. Worthington,* 266 id. 414.) Equity follows the law except when delay is accompanied by some other element rendering it inequitable. (*Stowell v. Lynch,* 269 Ill. 437.) The bill is practically a suit for the recovery of money had and received, and no circumstances of hardship appear which would make any delay short of the Statute of Limitations in such cases inequitable." It is apparent that the judgment as revived possessed all the attributes of the original judgment. If plaintiffs had secured an original judgment on March 16, 1937, and execution issued thereon which was delivered to the bailiff, and they filed their bill to set aside said deeds on the ground that they were fraudulent as to plaintiffs, there can be no doubt that

the action could be maintained. Defendants did not, in support of their motion, and do not in their brief, point out that they were prejudiced in any way by the delay of plaintiffs in prosecuting their complaint. Therefore we are of the opinion that the chancellor was in error in dismissing the complaint.

For the reasons stated, the decree of the superior court of Cook county dismissing the complaint is reversed, and the cause remanded, with directions that the motion of defendants be overruled and that further proceedings be had not inconsistent with this opinion. *Decree reversed and cause remanded, with directions.*

JOHN J. SULLIVAN and FRIEND, JJ., concur.