Byge Branom, Plaintiff-Appellant, v. Clyde Miller, Defendant-Appellee.

Gen. No. 5908.

Fourth District.

January 15, 1960.

Released for publication April 18, 1960.

Kenneth A. Green, of Mattoon (Thomas J. Logue, of counsel) for plaintiff-appellant.

Smith, McCollum, and Riggle, of Flora, for defendant-appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Byge Branom, appeals from an order which dismissed his suit on motion of the defendant, which set up a prior judgment in bar of the action. Plaintiff here contends that the prior judgment was merely a non-suit and that the present suit was filed within one year after the non-suit pursuant to Sec. 24–A, Ch. 83, Ill. Rev. St., which reads as follows:

"In any of the actions specified in any of the sections of this act . . . if the plaintiff be non-suited, then, if the time limit for bringing such action shall have expired during the pendency of such suit, the said plaintiff . . . may commence a new action within one year after such judgment reversed or given against the plaintiff and not after."

The present suit would be barred by the statute of limitations unless the foregoing section applies. Its application depends upon whether the prior action was non-suited as the plaintiff claims, or was disposed of by final judgment as contended by the defendant.

The facts of what took place are not in dispute. It appears that the prior case was called for trial, a jury was impaneled and sworn, the attorneys made their opening statements, and thereupon the defendant filed a motion for judgment upon the ground that his answer set forth affirmative defenses which were a bar to the suit and that the plaintiff had not replied or in any way denied the facts of the affirmative defenses. The plaintiff did not ask leave to file

95

a reply and the motion was allowed. The court entered judgment in form as follows:

"Judgment for the defendant and against plaintiff that plaintiff go hence without day and take nothing as the result of this suit."

We deem it clear that the foregoing judgment purports on its face to be a final judgment in bar of the action and does not purport to be a discontinuance, dismissal, or non-suit. In Kraegel v. Daros, 333 Ill. App. 651, (abstract) the court had before it a parallel state of facts, except that, instead of allowing a motion for judgment based on failure to deny the affirmative defense, the trial court after hearing the motion allowed the plaintiff's motion for a non-suit. Upon appeal the result was reversed and the cause remanded with directions to enter a judgment for the defendant and against the plaintiff. The court said: "Apparently, plaintiff was satisfied that she could not, with propriety, file a reply controverting the affirmative defense so stated. The truth of the defense being admitted, defendant was entitled to judgment."

In our opinion the foregoing decision is correct. If a suit is dismissed for some technical defect, or for failure to proceed, even where the dismissal does not contain the words, "without prejudice," the result would not be a bar to a subsequent action brought within a year. On the other hand, a final decree in chancery dismissing an action on the merits, or the equivalent dismissal of an action at law when the matters of the complaint have been passed on, is a bar to any new complaint between the same parties on the same subject matter. 23 I. L. P. Judgments, Sec. 324.

In the Restatement on Judgments, Sec. 48 states the rule:

96

"Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action."

The comment on the foregoing rule contains the following: "The fact that the judgment was erroneous does not preclude the defendant from relying upon it as a bar in a subsequent action brought by the plaintiff on the original cause of action. If it was erroneous, the plaintiff might have taken steps to have it set aside or reversed in the original proceeding. If he has not done so, or if his attempt to do so was unsuccessful, he cannot thereafter collaterally attack it."

The fact is, the plaintiff did attempt to take an appeal from the prior judgment, but failed to comply with the rules of law and the appeal was dismissed. ■ It appears to be plaintiff's theory that there can be no judgment upon the merits except upon evidence heard. This is not the law. It is true that the mere striking of a complaint, or a dismissal or non-suit based on formal defects therein, is not an adjudication on the merits. But if the defect concerns the merits, as upon disclosure of fact in the complaint, or upon a defense properly set up and not denied, the judgment thereon is res judicata of the merits. 50 CJS Judgments, Sec. 627; 30A Am. Jur. Judgments, Sec. 351.

See also In re Estate of Crane, 343 Ill. App. 327. There the question was whether a dismissal "with prejudice" could be properly entered on statements in the pleadings. On page 344 it is stated (emphasis ours): "If this court would find that the trial judge properly found any one of these three defenses was sustained *by the pleadings,* then certainly the judgment of the trial court would have to be affirmed."

97

And on page 345 it is made apparent that the court acted upon defenses set up in the pleadings and not denied.

The plaintiff's brief places much stress upon the early case of Howes v. Austin, 35 Ill. 396. In that case the declaration under common law pleading contained two special counts and the common counts. The plaintiff did not reply to the special counts and was defaulted as to them and judgment passed for defendant thereon, but he went to trial on the common counts upon issue joined, and secured a judgment. The court held that the judgment for defendant, although it was a bar as to the two special counts, was not a bar to recovery under the common counts. The court expressly stated that it was not passing upon the question what would have been the rule if the default judgment had been entered as to the entire cause of action.

The case is not in point on the question now before this court. Under modern practice the same result would obtain today in a similar situation if the common counts were permitted. The rule may be stated that: "The exclusion of certain counts of a complaint or the directing of a verdict for the defendant as to certain counts does not constitute a bar to the action as stated in any good counts which might remain." 23 I. L. P. Judgments, Sec. 321.

Other precedents cited by the plaintiff concern the distinction between voluntary and involuntary nonsuits, dismissals for want of prosecution, and other matters which are not before this court.

Accordingly, we are of the opinion that this court cannot now inquire into the sufficiency of the affirmative defense, since this is not a direct appeal from that judgment, but is a separate suit.

██ We hold that in passing on the sufficiency of the affirmative defense, which was not denied by the plaintiff, the court was necessarily considering the merits of the case, and the final judgment in favor of defendant is a bar to a subsequent suit on the same cause of action. The trial court was correct in entering judgment in bar in favor of defendant, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.