Mages Sports Arenas, Inc., a Delaware Corporation authorized To Do Business in Illinois, and Community Discount Centers, Inc., an Illinois Corporation (Formerly Known as Mages Sporting Goods Co.), Plaintiffs-Appellants, v. Winston Park Shopping Center, Inc., an Illinois Corporation; The Prudential Insurance Company of America, a New Jersey Corporation, and Jewel Tea Company, Inc., a Corporation, Defendants-Appellees.

Gen. No. 52,588.

First District, Fourth Division.

June 25, 1969.

Shaffer, Seelig, Mandel & Shapiro, of Chicago (Robert S. Atkins, of counsel), for appellants.

McDermott, Will & Emery, of Chicago (Samuel Weisbard and Myron M. Cherry, of counsel), Arthur Abraham, I. J. Berkson, and Schiff, Hardin, Waite, Dorschel & Britton, of Chicago (John J. Waldron, and James B. O'Shaughnessy, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order entered in the Circuit Court of Cook County on April 25, 1967, sustaining defendants' motion to dismiss plaintiffs' complaint. Defendant Winston Park Shopping Center, Inc. (Winston) constructed, developed and was the lessor of a shopping center. Plaintiffs Mages Sports Arenas, Inc. (Mages), and Community Discount Centers, Inc. (Community), executed various leases and agreements with Winston regarding occupation of the specified premises at the shopping center. Defendant Jewel Tea Company, Inc. (Jewel) leased part of the building above the premises occupied by plaintiffs.

On September 3, 1963, plaintiffs filed a complaint against the above-mentioned defendants and the Prudential Insurance Company of America, first mortgagee of the land upon which the premises were located. In the complaint plaintiffs alleged that the said defendants wrongfully caused plaintiffs' premises to be subjected to excessive water seepage, dampness, accumulation of liquids, noxious odors and a defective air conditioning and ventilating system, all to the damage of plaintiffs. Plaintiffs prayed for an injunction and other equitable relief and for compensatory and punitive damages in the amount of $1,500,000. Answers were filed by the various defendants and counterclaims were filed by Jewel against Winston and by Winston against Jewel.

Plaintiffs' motion for temporary injunctive relief was denied and the matter was then referred to a master in chancery for the taking of evidence. The master twice set the case for hearing, and on both occasions defense counsel attended but plaintiffs' attorneys were absent. The master then sent the case back to the referring judge; on November 12, 1964, the case was again called, and again plaintiffs did not appear. On the motion of two of the defendants the case was dismissed for want of prosecution. The order entered on November 12 read as follows:

On motion of defendants, Jewel Tea Company, Inc. and Prudential Insurance Company of America, to dismiss this cause for want of prosecution, this case is hereby dismissed and costs charged to plaintiffs.

Plaintiffs assert that they had never received notice that a motion had been made to dismiss the case. The defendants assert that announcements of all progress cases appear in the Chicago Daily Law Bulletin a few days before the call is made, and that plaintiffs did not respond to the progress call in the instant case.

On December 12, 1966, plaintiffs filed a complaint which was identical to that which had been filed on September 3, 1963. All three defendants moved to dismiss the complaint, contending that the action was barred by the former order of November 12, 1964, which had dismissed the September 3, 1963 complaint for want of prosecution. The judge sustained the defendants' motion and dismissed plaintiffs' complaint "with prejudice" on April 25, 1967. No opinion was issued, nor were there any findings of fact.

Within 30 days plaintiffs moved to vacate and set aside the order, and urged that Supreme Court Rule 273 had no applicability since its effective date was January 1, 1967, subsequent to the filing of the complaint; and further, that it should not have been construed to bar the present action, for to do so would deny plaintiffs equal protection and due process under the constitutions of Illinois and the United States. On July 12, 1967, the trial court denied plaintiffs' motion to vacate, from which order this appeal is taken.

The sole issue in this appeal is whether the dismissal of a complaint for want of prosecution bars the filing of a new action when the statute of limitations has not run. At common law a dismissal for want of prosecution did not prejudice the case of the party against whom it was entered. 54 ALR2d 473, 478. In Wood v. Maxwell, 238 Ill App 597, and in Motel v. Andracki, 299 Ill App 166,

411

19 NE2d 832, the courts held that a dismissal for want of prosecution did not bar the filing of a new complaint. Since it is conceded that the statute of limitations had not run, at common law plaintiffs would have a right to refile their suit. The case of Williams v. Pearson, 28 Ill App2d 210, 171 NE2d 250, cited by defendants, is not applicable.

Defendants, however, contend that Rule 273 of the Supreme Court abrogated this principle. That rule provides:

> Unless the order of dismissal or *a statute of this State otherwise specifies,* an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits. (Emphasis supplied.)

It is argued that although the rule was adopted after the filing of the suit, by the terms of the Supreme Court order adopting the rules which were to be in effect as of January 1, 1967, the rules were to be applied retroactively. However, that order provided that the new rules should govern all further proceedings in actions then pending, with two exceptions, one of which is:

> (b) To the extent that in the opinion of the trial, Appellate, or Supreme Court the application of the new rules in a particular action then pending would not be feasible or would work injustice, the former procedure applies.

In our opinion, to abrogate a right to file a new suit would work an injustice to the plaintiffs.

The final order which is being appealed (the motion of plaintiffs to vacate the April 27 order of dismissal) was entered on July 12, 1967. At that time there was in ef-

fect an amended section 24(a) of chapter 83, Ill Rev Stats, which provided in pertinent part:

> . . . if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution.

Under this amendment there is no question that a dismissal for want of prosecution did not bar a refiling of the suit, since Supreme Court Rule 273, by its own terms, is not applicable when a statute specifies otherwise. Therefore, if we apply the law as it existed at the time of the final order, plaintiffs may refile. Applying the common law as it existed on December 12, 1966, plaintiffs had a right to refile.

Accordingly, the order of April 25, 1967, dismissing plaintiffs' complaint "with prejudice" is reversed and the cause is remanded with directions to proceed in a manner consistent with these views.

Reversed and remanded with directions.

DRUCKER, P. J. and BURKE, J., concur.