ELSIE O'REILLY, Plaintiff-Appellant, *v.* SEYMOUR GERBER, Defendant-Appellee.

First District (4th Division)   No. 80-817

Opinion filed March 19, 1981.—Supplemental opinion filed on denial of rehearing May 14, 1981.

Gordon James Arnett, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and James P. DeNardo, of counsel), for appellee.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiff has appealed after her suit was dismissed with prejudice for failure to file an amended complaint within the time permitted by the judge's order. She contends on appeal that the court erred in:

(1) denying her motion to dismiss the cause without costs although the motion was filed on the same day as the defendant's motion to dismiss;

(2) dismissing the action with prejudice, the plaintiff contending that a dismissal for want of prosecution must be without prejudice.

We find that the trial court did not err in denying the plaintiff's motion for voluntary dismissal since the plaintiff failed explicitly or even implicitly to tender costs; however, we agree with the plaintiff that the trial court erred in dismissing the suit with prejudice.

The plaintiff, Elsie O'Reilly, first filed her tort action against the defendant, Seymour Gerber, on November 29, 1977, seeking to recover for injuries suffered on January 20, 1977. On November 22, 1978, the court granted the defendant's motion to strike the complaint and ordered it to be made more definite. The court further ordered that the plaintiff should have 28 days, until December 20, 1978, to file a third amended complaint. The plaintiff did not file a third amended complaint, and on February 12, 1980, defendant gave notice of his intention to present a motion to dismiss on February 22, 1980. Thereafter, on February 19, 1980, the plaintiff gave notice that she would, on February 22, 1980, move for voluntary dismissal. Both motions were filed and heard on the same day. The record does not disclose whether plaintiff's motion was filed before defendant's motion was heard. Plaintiff's motion was based on the fact that section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52(1)) provides that plaintiff may at any time before trial begins dismiss the action without prejudice. The cause had not yet been set for trial. The plaintiff prayed that the cause be dismissed without prejudice and without cost. Defendant in his motion prayed for a dismissal with prejudice on the ground that a period of time in excess of 13 months had elapsed since the end of the time limit of 28 days within which the plaintiff had to file a third amended complaint under the court's order of

November 22, 1978. The trial court dismissed the plaintiff's cause of action with prejudice for failure to comply with the court's order of November 22, 1978. In the same order, it denied the plaintiff's motion because "the plaintiff has no complaint on file having failed to comply with this court's order of November 22, 1978."

## I.

■■ Section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52(1)), provides in part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

It is well established that the statute gives the plaintiff an absolute right to dismiss before trial if plaintiff pays or tenders costs. (*Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673; *In re Marriage of Wright* (1981), 92 Ill. App. 3d 708, 416 N.E.2d 298; *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 410 N.E.2d 79; *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664.) It follows that since the plaintiff's right to dismiss before trial was absolute (assuming she paid or tendered costs) the court's reason for denying her motion was erroneous. It was immaterial whether she had filed an amended complaint or not.

Defendant however contends that the trial court's ruling was proper because a "trial or hearing" had already commenced. We need not consider this issue because plaintiff's motion was properly denied since the plaintiff neither paid nor tendered costs. (*Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673; *Juen v. Juen* (1973), 12 Ill. App. 3d 284, 297 N.E.2d 633.) While we indicated in *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 410 N.E.2d 79, that it is not always necessary to explicitly tender costs, the plaintiff here expressly sought to have the cause dismissed "without cost."

## II.

■■ ■ The trial court's order stated that the cause was dismissed with prejudice because of plaintiff's failure to file an amended complaint within the stipulated time. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)) gives the court the power to dismiss with prejudice for violation of Rules 201 through 218. (Ill. Rev. Stat. 1979, ch. 110A, pars. 201 through 218.) But none of these rules, which relate solely to discovery and pretrial, was violated here. The defendant has cited no rule giving the court the right to dismiss the cause with prejudice under the facts of this case, and we have found none. The courts of this State do

have, and have always had, the inherent power to dismiss suits for want of prosecution. (*Sanitary District v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017; *Sandman v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 427, 326 N.E.2d 514.) However it is clear from a perusal of the cases that a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796; *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480; *Eldredge v. Huntington* (1840), 3 Ill. (2 Scam.) 535; *Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 362 N.E.2d 744; *People ex rel. Johnson v. City of Waukegan* (1976), 35 Ill. App. 3d 713, 342 N.E.2d 480; *Mages Sports Arenas, Inc. v. Winston Park Shopping Center, Inc.* (1969), 112 Ill. App. 2d 409, 251 N.E.2d 334; *Casillas v. Rosengren* (1967), 86 Ill. App. 2d 139, 229 N.E.2d 141; *Branom v. Miller* (1960), 25 Ill. App. 2d 94, 166 N.E.2d 123; *Wetzel v. Pruitt* (1941), 309 Ill. App. 438, 32 N.E.2d 989 (abstract); *Motel v. Andracki* (1939), 299 Ill. App. 166, 19 N.E.2d 832; *Wood v. Maxwell* (1925), 238 Ill. App. 597; *Orvis v. Cole* (1884), 14 Ill. App. 283); in other words, a dismissal for want of prosecution was always considered to be without prejudice since a dismissal with prejudice denotes an adjudication on the merits and is *res judicata*. (*General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 398 N.E.2d 1104; *Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, 293 N.E.2d 650, *appeal denied* (1973), 53 Ill. 2d 607.) Furthermore, the mere fact that the defendant is entitled to an order dismissing a case for want of prosecution does not entitle him to a judgment on the merits. (*People v. Reuter* (1899), 88 Ill. App. 586; 3 Nichols, Illinois Civil Practice §2854 (1978).) In addition, we note that section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a) gives a plaintiff whose action is dismissed for want of prosecution the right to refile within one year. The right specifically conferred by statute would be defeated if the court were allowed to dismiss with prejudice.

■■ The trial court did not use the words "dismissal for want of prosecution" in its order. However, a suit may be dismissed for want of prosecution for the failure or refusal to file an amended complaint (3 Nichols, Illinois Civil Practice §2848 (1978)), and its seems clear that was what the court was doing here. Thus, it seems equally clear that the dismissal should have been without prejudice.

The defendant in contending that the court could properly dismiss the action with prejudice for failure to file an amended complaint within the specified time relies on *Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157, *King v. Donahue* (1966), 70 Ill. App. 2d 481, 216 N.E.2d 824 (abstract), and *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 374

N.E.2d 20. In neither *Shroat* nor *King* was the dismissal with prejudice, and the sole issue was whether the court could dismiss the cause despite a belated attempt to file an amended complaint. The sole issue before the appellate court in *Asumendi* was whether the trial court had had jurisdiction to enter any order. The plaintiff in that case did not raise the issue of the court's authority to dismiss *with prejudice.*

■■ We are aware of the case of *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468, *appeal denied* (1972), 49 Ill. 2d 577, not cited by either party, in which it was held that a cause of action dismissed with prejudice after the plaintiff failed to amend his complaint within the specified time barred a subsequent action on the same claim. *Brainerd* is not in point, however, for several reasons. It is clear in *Brainerd* that the case was dismissed pursuant to a section 45 (Ill. Rev. Stat. 1965, ch. 110, par. 45) motion of the defendant and that both parties regarded the dismissal as one for failure to state a cause of action. In the appeal from the dismissal (109 Ill. App. 2d 251, 248 N.E.2d 542), the issue considered by the court was not whether the case was properly dismissed for failure to file an amended complaint within a certain time but whether the complaint stated a cause of action. Furthermore, the plaintiff in that case had moved for an extension of time to file an amended complaint, contending the court was without jurisdiction to proceed with the action, and the appellate court in the second opinion (1 Ill. App. 3d 780), in ruling that the second action was barred, pointed out that a dismissal with an election to stand on the complaint has traditionally been held to bar a subsequent action. Finally, in that case the court held that Supreme Court Rule 273 (Ill. Rev. Stat. 1969, ch. 110A, par. 273), which provides that an involuntary dismissal operates as an adjudication upon the merits, except in certain specified circumstances, or unless otherwise specified by the order of dismissal or a statute of this State, was applicable to the judgment of dismissal in that case. In the present case, the dismissal was not pursuant to a motion to dismiss under section 45 of the Civil Practice Act nor have the parties on appeal in any way treated the dismissal as one for failure to state a cause of action. No arguments have been made in the briefs as to sufficiency or insufficiency of the stricken complaint. There is no indication in the record that the plaintiff elected to stand on the original complaint. Finally, it is well established that Supreme Court Rule 273 is inapplicable to a dismissal for want of prosecution. *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480; *Mages Sports Arenas, Inc. v. Winston Park Shopping Center, Inc.* (1969), 112 Ill. App. 2d 409, 251 N.E.2d 334.

In light of the foregoing, it is clear that the trial court erred in dismissing the cause of action with prejudice. Accordingly, the judgment

is reversed and the cause remanded to the trial court with instructions to enter an order dismissing the cause without prejudice.

Affirmed in part, reversed in part and remanded.

JOHNSON and LINN, JJ., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Defendant, Seymour Gerber, has filed a petition for rehearing in which he, for the first time, contends that plaintiff's failure to file an amended complaint within the time allowed by the trial court was an election by the plaintiff to stand on her stricken complaint, citing *People ex rel. Scott v. Carriage Way West, Inc.* (1980), 88 Ill. App. 3d 297, 410 N.E.2d 384, and therefore the dismissal was properly with prejudice since it operated as an adjudication upon the merits. In *Carriage Way* the plaintiff did more than fail to plead over within the time permitted; it brought a *mandamus* action challenging the circuit court's striking of its complaint. Likewise, in the two cases cited by the court in *Carriage Way*, *Campbell v. Harrison* (1973), 16 Ill. App. 3d 570, 306 N.E.2d 643, and *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468, the plaintiff's election to stand on the stricken complaint was evidenced not merely by failing to file an amended complaint but by appealing not only from the order dismissing the cause of action but from the order striking the complaint and arguing the merits of the complaint on appeal. Plaintiff here did none of these things.

Furthermore, until now, defendant has never treated the plaintiff's act as an election to stand on the complaint, nor was the February 22, 1980, motion one under section 45 for judgment on the pleadings. On the contrary, defendant in his motion alleged that there was *no complaint on file* and sought a dismissal solely on the grounds that plaintiff had not filed an amended complaint within the time set by the court. Nor, when the plaintiff on appeal contended that a dismissal for want of prosecution could not be with prejudice, did the defendant, at any time in its brief, deny that the dismissal was for want of prosecution. We believe it is abundantly clear from the conduct of both parties throughout, that both understood that the final dismissal on February 22 was for failure to comply with an order of the court. Accordingly, the petition for rehearing is denied.

Petition for rehearing denied.

JOHNSON and LINN, JJ., concur.