UNITED STATES v. NORTH COAST TRANSP. CO. et al.

Civ. No. 1675.

District Court, W. D. Washington, N. D.
June 27, 1947.

492

John F. Sonnett, Asst. Atty. Gen., William C. Dixon, Sp. Asst. to the Atty. Gen., and George E. Heidlebaugh, of Seattle, Wash., Lawrence W. Somerville, of San Francisco, Cal., and Aute L. Carr and Paul A. Goodin, Sp. Attys. both of Washington, D. C., for plaintiff.

Holman & Sprague, Wendell W. Black and Wayne Murray, all of Seattle, Wash., for defendants.

FOLEY, District Judge.

Defendants' Motions were consolidated pursuant to Rule 12, Subdivision (g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendants' Motion to Dismiss is based upon the contention that only legal conclusions have been pleaded.

In Paragraph 15, Subdivision V, Page 5 of the Complaint, it is alleged: "Beginning in or about the year 1934, and continuing thereafter up to and including the date of the filing of this Complaint, the defendants have contracted and have been and now are engaged in a combination and conspiracy unreasonably to restrain, and pursuant to said. contracts, combinations and conspiracies, have in fact unreasonably restrained the aforesaid trade and commerce in the interstate transportation of passengers by motor carrier along the Pacific Highway route between Seattle, Washington and Portland, Oregon, and have conspired and combined to monopolize, and have attempted, and are now attempting, to monopolize said trade and commerce, in passenger transportation by motor carrier, and unless the relief sought herein is granted, the offenses charged in this complaint will continue, in violation of Sections 1 and 2 of the Act of Congress * * * (15 U.S.C. Secs. 1 and 2 [15 U.S.C.A. §§ 1, 2]), commonly known as the Sherman Anti-Trust Act."

■ The above allegations are conclusions of the pleader and if no further allegations concerning the said defendants and their conduct appeared in the Complaint, the Motion to Dismiss would be well founded.

In Washburn v. Moorman, D.C., 25 F. Supp. 546, Judge Neterer stated: "In the instant case no fact is stated to support the conclusion of 'implied contract' to pay. When the facts are simply and concisely stated in lucid fashion, and support such conclusion, the parties will be placed upon proof, otherwise the action fails." An examination of the entire Complaint here discloses that facts have been stated supporting the averments of Paragraph 15 of the Complaint.

■ United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229, 231, concerns principles involved here and is similar in character to the case at bar. In that case the Court said: "A conspiracy or combination cannot be alleged merely in the terms of the statute. In other words, it is not sufficient to allege that these defendants entered into a combination or conspiracy. A recognized definition, by the courts, of conspiracy is: 'The combination of two or more persons by concerted action to accomplish a criminal or unlawful purpose or some purpose not in itself criminal or un-

lawful by criminal or unlawful means.' There must be an agreement of some character before there can be a conspiracy. This agreement need not be in writing. It need not be at a meeting attended by all of the alleged conspirators, but there must be express agreements or circumstances which would justify the court in reaching the conclusion that a combination had been formed. There must be alleged certain acts of each of the alleged conspirators which would connect him or it with the conspiracy, and after the conspiracy has once been shown to exist, the overt act of anyone of the alleged conspirators would be binding upon all. Each of the defendants, therefore, has a right to know what he or it is alleged to have done which made him or it a part of the conspiracy and these acts should be alleged with sufficient definiteness, not only to enable the defendant to meet the charge with proof at the time of trial, but to prepare his or its answer to the complaint."

Paragraph 16 of the Complaint and the subdivisions thereof appear to me to contain allegations that agreements were made between all of the defendants for the purposes stated in each of said subdivisions. The nature of the agreements are set out.

We have seen from United States v. Griffith Amusement Co. that there must be an agreement of some character before there can be a conspiracy; that the agreement need not be in writing; that it need not be at a meeting attended by all of the alleged conspirators, but there must be express agreements or circumstances which would justify the court in reaching the conclusion that a combination had been formed. No more explicit allegations than those which are in effect alleged in Paragraph 16 of the Complaint and Subdivisions (a) to (f) inclusive could very well be had or required in a case of this nature.

The Griffith case might well be considered as a pattern for the Complaint in this case. Acts of each of the defendants are alleged which would tend to connect it with the alleged conspiracy. Each of the defendants here can know from the Complaint what it is alleged to have done which made it a part of the conspiracy. These acts are exhibited in Paragraphs 17 to 22 inclusive of the Complaint.

█ An examination of the entire Complaint will disclose that each of the defendants is sufficiently informed, each may know from the Complaint what it is alleged to have done which made it a part of the alleged conspiracy and these allegations are alleged with sufficient definiteness, not only to enable the defendant to meet the charge with proof at the time of the trial, but to prepare its answer to the complaint. The language of Judge Holly in United States v. Johns-Manville, D.C., 1 F.R.D. 548, 550, is applicable here: "In this action the Government charges a conspiracy, and it must be remembered that the existence of a combination to restrain trade such as charged here can seldom be proved by the evidence of witnesses to the effect that the parties have entered into a specific, oral or written agreement for that purpose. The proof usually consists of evidence of circumstances from which that conclusion follows. The allegation of the complaint in such cases cannot, in the nature of things, be as definite and specific as in cases of a different character. It is not necessary or proper for the pleader to set out in his complaint the circumstances from which he draws his conclusions. Nor is it necessary that such circumstances be set out to enable the defendant to answer. The complaint in this case charges agreements and understandings between the defendants of a nature condemned by the Sherman Anti-Trust Act and the Clayton Act [15 U.S. C.A. § 12 et seq.], and with sufficient particularity to enable the defendants to answer."

There is no merit in defendants' Motion to Strike. Defendants' Motion to dismiss is denied. Defendants' Motion for a More Definite Statement or, in the alternative, for a Bill of Particulars is denied. Defendants' Motion to Strike is denied.

The defendants, if so advised, may serve and file responsive pleadings within 15 days after notice of this Decision. The Motion to Extend Defendants' Time to Respond or otherwise Move is, except as appears above, denied.