(No. 37198.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR GREEN, Plaintiff in Error.

*Opinion filed February 1, 1963.*

JAMES E. NOLAND, of Chicago, appointed by the court, for plaintiff in error.

. WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Oscar Green and James Williams were tried together in the criminal court of Cook County upon an indictment that charged them, in three separate counts, with selling, possessing and dispensing narcotic drugs. A jury found them guilty "in manner and form as charged in the indictment" and they were each sentenced to the penitentiary for a term of not less than ten years nor more than ten years and a day.

This writ of error is prosecuted by Oscar Green. He contends that the evidence did not establish his guilt beyond a reasonable doubt; that prejudicial evidence was erroneously admitted against him, that the argument of the prosecutor was improper and that the form of guilty verdict submitted to the jury was erroneous.

Leon Morris testified that on July 13, 1959, he was a Federal narcotics agent, and that about 6:30 P.M. on that date, he went to the apartment of a government informer. An hour or so thereafter, Green and Williams came to the apartment. The informer told them that Morris was interested in buying narcotics. Williams offered to sell him 26 bags for $100. Morris agreed, although he protested that the price was too high. Williams then took the bags from Green, gave them to Morris in return for $100 in marked money, and handed the money to Green who counted and pocketed it. Morris testified that Green and Williams agreed to furnish an additional quantity the following week, but that they failed to appear at the designated time. He took the bags that had been delivered to him to the Federal laboratory where their contents were analyzed and found to contain heroin. Green and Williams were separately arrested on August 17, 1959.

Agent Morris, who identified Green and Williams at the trial, testified that he had conversed with them in a well lighted room for a period of 10 to 12 minutes. Two other Federal agents testified that they saw them enter the apartment building at the time in question, and leave after about 10 minutes. These agents also positively identified the two men at the trial. Green directs our attention to the fact that the informer was not called as a witness, but we have held, in similar circumstances, that the prosecution was not obligated to call the informer as a witness. (*People* v. *Aldridge,* 19 Ill.2d 176, 180.) The jury was not required to disbelieve the testimony of the witnesses for the prosecution and to accept that of Green and Williams, both of

whom denied the entire occurrence. The record sustains the jury's conclusion that the guilt of Oscar Green was established beyond a reasonable doubt.

His next contention, that prejudicial evidence was erroneously admitted against him, refers to the testimony of Morris as to a statement made to him by Williams, the co-defendant, after he had been arrested. Morris testified: "James Williams said to me, 'If you will tell the truth, you will know that I don't have any narcotics in my possession.' He said, 'Now, if you will tell the truth again, you know that Oscar Green gave you those narcotics.' " This testimony was admitted over Green's objection, and the judge instructed the jury to disregard it insofar as Green was concerned. In addition, the prosecution stated that it was offered only as to the defendant Williams.

In cases in which one of several co-defendants has been tried alone, after a motion for severance was allowed, the admission of this kind of hearsay evidence has been held to be reversible error. (*People* v. *Smuk,* 12 Ill.2d 360; *People* v. *Clark,* 17 Ill.2d 486.) In this case, however, both Green and Williams were advised upon their arraignment that the prosecution proposed to use in evidence statements that they had made, and neither of them moved for a severance. In such a situation, the admission or confession of one defendant is received in evidence, even though it implicates a co-defendant, under an instruction to the jury that the evidence is to be considered only as to the defendant who made the statement. *People* v. *Vickery,* 321 Ill. 254, 257-8.

The reason for this result was thus stated in *People* v. *Buckminster,* 274 Ill. 435, 445: "It is very clear from all the authorities that the courts have realized the evils of admitting confessions on behalf of one defendant that implicated a co-defendant, even though limited by the trial court to the person who made the confession, and have only permitted such a confession to be admitted, when

two were being tried jointly, because there seemed no practical way of reaching a right result, under the law, as to the person who made the confession, without admitting it; that the injury as to the co-defendant might be less than the evil that would arise in the enforcement of the criminal law if the confession were shut out entirely."

In this case the question is complicated by the fact that the primary effect of the testimony was exculpatory as to Williams, while as to Oscar Green it was a direct accusation, unsworn, made out of court, and offered upon the trial for its truth. The statement was harmful to Williams only because it contained an implied admission that he was present at the time of the transaction. But it does not appear that the exact nature of the testimony that would be forthcoming had been disclosed to the trial judge before he ruled that agent Morris might testify as to what Williams had said. And after Morris had answered, and the damaging quality of the statement as to Green had become apparent, there was no motion to strike. While we are of the opinion that the testimony should not have been admitted, we do not believe that reversible error resulted in the absence of a motion to strike which directed the attention of the trial judge to the peculiarly harmful attributes of this testimony.

The most serious of the defendant's objections to the prosecutor's argument to the jury concerns this statement made with respect to the informer: "He is no longer an employee of the Government. If he were, he would have been here, ladies and gentlemen." One of the Federal agents had testified, however, that the informer was still a special employee of the Government. Objection was made to the prosecutor's statement and the judge immediately instructed the jury to disregard it. The statement of the prosecutor was clearly improper. Convictions have been reversed because of improper argument, even though objections have been sustained and the jury has been directed to disregard.

In this case, however, the prosecutor's mistake must have been apparent to the jury and in view of the other evidence in the case it is unlikely to have influenced the verdict. *Cf. People* v. *Naujokas,* 25 Ill.2d 32, 38.

Finally, the defendant points out that the indictment contained three counts, one of which called for a minimum sentence of two years while the other two each called for a minimum sentence of ten years. He argues that it was therefore error to submit only one form of guilty verdict, which found the defendant guilty "in manner and form as charged in the indictment." However, defendant did not object to the form of verdict given to the jury nor did he submit any other form. "If the defendants desired that a form of verdict for the lesser offense be given, it was their duty to prepare and ask for such instruction to the jury, and having failed to avail themselves of that right they are in no position to complain." *People* v. *Tomaszewski,* 406 Ill. 346, 354-5.

Although the three counts in the indictment did not carry identical penalties, "a finding of guilty in the manner and form as charged in the indictment is a finding of guilty on each count of the indictment. The felonies charged are related and the greater includes the lesser, because the sale or dispensing of narcotics includes the element of possession." *People* v. *Strong,* 21 Ill.2d 320, 323-4.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*