(No. 35322.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELIJAH WHITE, Plaintiff in Error.

*Opinion filed May 27, 1963.*

THOMAS WM. BURKE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and WILLIAM J. MARTIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Elijah White, the defendant, was indicted and tried in the criminal court of Cook County jointly with William Green. White was charged with the crime of murder and Green as an accessory after the fact. A jury was waived, and the court found White guilty and sentenced him to the penitentiary for a term of 99 years.

On this writ of error the defendant does not question the sufficiency of the evidence to establish his guilt beyond

a reasonable doubt. The testimony offered by the prosecution, if believed, established that he shot and killed one policeman, and wounded another, in an effort to escape from police custody when he was arrested while attempting to cash a bad check. The defendant denied firing any shots and testified that the deceased policeman was shot accidentally while he and the policeman who had arrested him were scuffling. After the shooting the defendant stayed overnight with Green, and then the two men drove to Michigan in Green's truck. They were separately arrested there.

Defendant's principal contentions relate to the testimony of police officer James Anderson concerning a statement made by the co-defendant, Green, after Green was arrested. Officer Anderson testified that Green then stated that White had "told him he wanted to get out of Chicago because he had shot a policeman." The defendant was not present when this statement was made.

He first contends that he should have been given notice of Green's statement prior to trial. Section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1961, chap. 38, par. 729) provides that whenever an oral confession has been made before any law enforcement officer or agency by any person charged with any crime, a list of the names and addresses of all persons present at the time the confession was made shall be furnished to the defendant or his counsel prior to arraignment or at such later time as the court may direct. The statute relates to a confession by the defendant himself, to a "law enforcement officer or agency," and it did not require that White be furnished with a list of the persons present when Green made the statement in question.

Of more importance is the fact that officer Anderson's testimony was inadmissible against White, whether or not White had been furnished with a list of witnesses, because so far as White was concerned it was hearsay. (See *People*

v. *Clark,* 17 Ill.2d 486, 490.) The trial judge specifically ruled that this evidence was admissible only as to Green, and that he would consider it only with reference to Green, but White contends that it was so prejudicial to him that it should not have been admitted, even as against Green.

Where there has been a severance, the admission of this type of evidence is held to be prejudicial error. (See *People* v. *Clark,* 17 Ill.2d 486.) But when two defendants are tried jointly and there has been no motion for severance, the confession of one defendant is admitted into evidence, even though as to the other defendant is is a hearsay accusation, if its admissibility is limited to the defendant who made the statement. (*People* v. *Vickery,* 321 Ill. 254, 258.) The reason for this result in cases in which there has been no severance is that "there seemed no practical way of reaching a right result, under the law, as to the person who made the confession, without admitting it; that the injury as to the co-defendant might be less than the evil that would arise in the enforcement of the criminal law if the confession were shut out entirely." *People* v. *Buckminster,* 274 Ill. 435, 445; see, *People* v. *Green,* 27 Ill.2d 39.

The present case illustrates the problem. Green was charged as an accessory after the fact, and an accessory may be indicted and tried jointly with his principal. (*People* v. *Jordan,* 244 Ill. 386.) An essential element of Green's crime was knowledge of White's guilt. (*People* v. *Jordan,* 337 Ill. 422.) Green's own acknowledgment that he knew that White had committed the crime was the State's only direct evidence on this point. The defendant did not move for a severance, and he is now precluded from asserting that he was prejudiced by the admission of this evidence. *People* v. *Pamilio,* 359 Ill. 609, 612.

The defendant contends, however, that "without notice of the content of the alleged admissions, the defendant was precluded from arguing that justice and law required a

severance." But the defendant knew that Green had made a statement to the police and that the prosecution proposed to offer evidence of that statment upon the trial. During a preliminary hearing at which both White and his attorney were present, an assistant State's Attorney furnished Green with a "synopsis" of his statement and a list of the witnesses present when it was made. Nevertheless, White made no motion for a severance, and, so far as the record shows, he made no effort to ascertain the content of Green's statement. Under these circumstances, it was not error to admit the testimony of officer Anderson as to Green's statement.

Finally, the defendant asserts that evidence of his prior convictions should not have been introduced into evidence. He had been furnished with a copy of his own written confession, and had moved to suppress it. He testified in support of that motion, and to impeach his credibility his prior criminal record was put before the court by stipulation. Upon the trial he testified in his own defense, and again there was a stipulation as to his prior criminal record. The confession was not offered in evidence at the trial, and the defendant now contends that because the trial judge had been made aware of his prior criminal record during the hearing on the motion to suppress, he was forced to take the witness stand upon the trial, and was thereby prejudiced. No such contention was advanced in the trial court, however, where the defendant's criminal record was twice stipulated. It is not persuasive now. The statute upon which the defendant relies in support of his other contentions required the prosecution to make known the existence of the confession. The motion to suppress and the hearing upon that motion followed. The fact that the motion to suppress was denied did not require the prosecution to offer the confession in evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*