(No. 37680.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LANGDON GATES, Plaintiff in Error.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

ABBEY BLATTBERG, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of this court:

Langdon Gates, hereinafter called defendant, was in-- dicted jointly with Ronald Hansen and Victor Spilotro for the crimes of receiving stolen property and conspiracy to receive stolen property. After trial without a jury the criminal court of Cook County found them guilty, and each was sentenced to the penitentiary for one to five years under each of several counts of the indictment, the sentences to run concurrently. Hansen and Spilotro prosecuted writs of error for review, and after consolidating

the two cases this court affirmed the convictions. (*People v. Hansen*, 28 Ill.2d 322.) Gates has now sued out a writ of error to review his conviction.

He contends the State failed to prove ownership or value of the property, and failed to prove that it was stolen or that defendant knew it was stolen. He also assigns as error that improper evidence was considered against him, and that the evidence fails to show he was involved in a conspiracy. On the writs of error prosecuted by his co-defendants this court considered and rejected contentions that the prosecution failed to prove this property was stolen, and failed to prove either its ownership or its value. There is nothing in the presentation of the same contentions here that requires a different result, and it is unnecessary to discuss them again. There remain the questions whether improper evidence was considered, and whether the evidence sufficiently proved that he knew the property had been stolen and that he participated in a conspiracy.

The facts are fully stated in the *Hansen* opinion, and need not be related in detail here. It appears by the testimony of one Ronald Narbut, a confessed burglar, that on or about September 8, 1961, he had a conversation with defendant wherein the latter told him some friends had hijacked a truckload of appliances and had some hair dryers and irons for sale, and that defendant asked Narbut to see if "the cop and his friend" would be interested in buying them.

Narbut thereafter had a meeting with Hansen (a police officer) and Spilotro at a restaurant. Defendant followed in his own car but did not go in. In the restaurant Narbut was told that Hansen and Spilotro were unable to get in touch with the people who were going to buy "the stuff", but that they themselves would take five hair dryers and five irons apiece. Narbut was given $110 and was told to deliver the appliances to Hansen's home. He rejoined de-

fendant, who advised him that the irons were in storage and not immediately available. However defendant brought over ten hair dryers, after receiving $90 from Narbut. They were packed in two cartons of six each, and on the top of the carton there appeared the words "Jewel Tea Company, Jewel Park, Barrington, Illinois, on 8/23/61," together with the number 11825. Five of the hair dryers were subsequently discovered in Hansen's home after a search by other police officers. The ten in question had been part of a shipment consiged to the Jewel Tea Company in Barrington, and as we determined in the *Hansen* case they were sufficiently proved to have been stolen from a loading dock in Chicago.

Defendant's contention that he was not proved to have known the property was stolen is without merit. If Narbut's testimony is to be believed defendant told him in so many words that some of his friends had "hijacked" a truck and that he had some hair dryers and steam irons to sell. Narbut further testified to previous dealings in stolen property with defendant. Even though the testimony is that of a self-confessed criminal, this court cannot reject it as being unworthy of belief, as urged by defendant. While the testimony of an accomplice of this kind is to be received with great caution, the question whether it should be believed is primarily one for the trier of fact. (*People* v. *Wagman,* 311 Ill. 330; *People* v. *Nitti,* 8 Ill.2d 136.) In the *Hansen* case we considered at length the credibility of this same witness and his testimony, and found no ground for disturbing the trial court's judgment in the matter. There is no basis for a different conclusion here.

Moreover Narbut's testimony does not stand entirely without corroboration. Defendant's testimony that he had purchased the hair dryers from one Sam Schulman of the Crest Jewelry Store was contradicted by Schulman, and another merchant was produced by the State who testified

that defendant had attempted to sell him 300 hair dryers and 300 irons. The guilty knowledge which is an essential element of the crime of receiving stolen property is rarely susceptible of direct and positive proof. It is sufficiently shown if it may be inferred from all the surrounding facts and circumstances involved in the transaction, including the acts and declarations of the accused concerning the same. (*People* v. *Mulford*, 385 Ill. 48.) We think the record sufficiently sustains defendant's conviction for the crime of receiving stolen property.

Defendant further insists that error was committed in receiving and considering as evidence against him testimony relating to various events and transactions with which he had no connection. The contention is without merit. In all but one instance there was no objection to the introduction of the evidence. In that one instance testimony was given by Narbut which related to his arrest on August 17, 1961, and a conversation between him and Hansen at which defendant Gates was not mentioned. Defendant has not shown how this prejudiced him, and under the present circumstances no reversible error could have resulted from admitting this evidence. *People* v. *Green*, 27 Ill.2d 39.

Defendant's remaining contention—that he was not proved to have participated in a conspiracy—must be sustained. There is no evidence that he had even met his codefendants until after each had been arrested, nor is there proof that he conspired with Narbut. To establish a conspiracy there must be a common design; a concert of will and endeavor on the part of two or more persons with a view to attaining the same unlawful object. (See: *People* v. *Link*, 365 Ill. 266, 281; *People* v. *Bain*, 358 Ill. 177, 190; *People* v. *Walczak*, 315 Ill. 49, 53.) While it may properly be inferred from the evidence in the case at bar that defendant received hair dryers and irons from the "hijackers" knowing them to have been stolen, there is no evidence whatever that he did so in common with Narbut or that they

had agreed or joined in a common design to do so. The mere fact that he subsequently sold some of the goods to Narbut or the latter's friends does not establish the conspiracy charged. A conspiracy cannot be shown by evidence of a mere relationship or transaction between parties. *People* v. *Mulford*, 385 Ill. 48, 54.

The judgment of the criminal court of Cook County is affirmed as to the count charging defendant with the crime of receiving stolen property. It is reversed insofar as it finds him guilty of participating in a conspiracy to receive stolen property.

*Affirmed in part and reversed in part.*