**People of the State of Illinois, Plaintiff-Appellee, v. Isaac Jackson, Defendant-Appellant.**

**Gen. No. 50,375.**

First District, First Division.

November 9, 1966.

433

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Isaac Jackson, was convicted of sale of narcotics in a jury trial and was sentenced to serve ten to twelve years in the penitentiary.

On appeal he contends he is entitled to be discharged because the State failed to carry its burden of proof and because he was entrapped. In the alternative, he asks for a new trial contending (1) that he was prejudiced because his counsel was prohibited cross-examination of the informer on promises of leniency; (2) that he was prejudiced by closing argument; and (3) the jury was confused by the evidence.

Officers Willis Cola and Waymon Crigler had a prearranged meeting with Nathaniel Parren, also known as Jack Long, an informer. Parren was searched by the officers and had no money or narcotics on his person. He was given three $1 bills, the numbers of which were recorded on a slip of paper which was signed by him and the officers. Parren testified that he entered a third-floor apartment of a building at 4314 Langley

434

while the officers remained outside in their car. He said he received a tinfoil package from the defendant for the three $1 bills. Officers Cola and Crigler observed Parren go into the building, and ten or fifteen minutes later he came out, handed them a tinfoil package and gave them a description of the defendant. The officers immediately field-tested the substance in the foil which was stipulated to be heroin. Crigler searched the apartment while Officer Cola searched the defendant and found two of the recorded $1 bills in his sock with other money. They accused the defendant of selling narcotics and he denied the charge. When they came out of the building with Jackson they observed Parren tipping his hat which was the prearranged signal that Jackson was the man who sold him the narcotics.

The defendant testifying in his own behalf denied he sold the narcotics to Parren. He claimed that both he and Parren, who he knew for about a year, purchased a $3 bag from a Joseph Hogan in the hallway of the Langley building. He said Parren gave Hogan $3 and received a package from him. He testified that he gave Hogan a $5 bill and as change received two of the three $1 bills Hogan had received from Parren. He related that he then went into the third-floor apartment and while in the washroom he heard a scuffle and thinking it was a robbery he put the money in his sock. He said he was searched and the money was found in his sock and when accused of selling narcotics he denied making a sale to anyone.

The defendant, in seeking a reversal, contends that he was not proven guilty beyond a reasonable doubt as there was no adequate corroboration of the informer's testimony. It is argued that the informer was paid with favors or money to turn in people he knew to the police and as an addict informer his testimony is not entitled to any degree of credibility. Also that the in-

former was out of the sight of the police during the entire time that he was in the building.

■■■ The fact that the informer is a narcotic addict and a police informer has an important bearing upon his credibility and his situation is sufficiently similar to that of an accomplice to warrant close scrutiny of his testimony. People v. Perkins, 26 Ill2d 231, 186 NE2d 330. The test is whether the informer's testimony is credible under all of the surrounding circumstances and as we said in People v. Drumwright, 48 Ill App2d 392, 396, 199 NE2d 282, "the testimony of an accomplice or informer is not rendered incompetent because of his addiction to narcotics, it being merely an additional factor to be considered by the trier of the fact in assessing the probative value of the witness's testimony." We are satisfied that the testimony of the informer was amply supported by the testimony of the officers and the evidence of finding two of the recorded $1 bills in the possession of the defendant. The fact that the defendant did not have all of the marked money on his person at the time of the arrest is of no consequence. People v. Hines, 30 Ill2d 152, 195 NE2d 712. It is apparent that the jury rejected the uncorroborated testimony of the defendant who was the only witness on his behalf and chose to accept the testimony of the officers and informer. We find no reason to interfere with the finding of the jury.

■■ From an examination of the record we see no basis to the contention that the defendant is entitled to discharge because the conviction was obtained upon evidence procured by entrapment. The defense cites People v. Strong, 21 Ill2d 320, 172 NE2d 765, which is not in point here as that defendant's only sale was of narcotics supplied to him by a government informer. In the case at bar there is no evidence from which we could conclude that the defendant would not have sold

436

the narcotics except for an inducement by the police and informer, or that the informer did not tell the police that he had reason to believe that the defendant would sell him narcotics. The use of a controlled purchase, as planned here, is permissible for the purpose of providing an opportunity for the commission of a crime of this nature by one so predisposed. People v. Gray, 27 Ill2d 527, 190 NE2d 368.

 The defendant further complains that he was unduly restricted by the trial judge by not being allowed to cross-examine the addict informer as to possible promises of leniency he may have received concerning the prosecution of his own pending narcotics indictment. We agree with the defendant that great latitude must be allowed in the examination of an addict informer to show bias and self-interest. A trial judge, however, has large discretion as to the limits of such cross-examination, (People v. Michaels, 335 Ill 590, 167 NE 857) and a clear abuse of discretion must be shown to reverse. The record reveals that the trial judge afforded the defense wide latitude in his questions on this point. After the informer was questioned about a case pending against him in the narcotics court he was asked:

Q. And did the officers tell you that the case will be pending against you until you testify in this case?

A. No.

Q. Did they tell you what will happen with that case?

A. No.

Q. They didn't?

A. No.

Q. Do you know?

A. No, I don't know.

Q. Well, are you expecting any particular thing to happen with that case?

Mr. Fleming: Object.

The Court: The objection will be sustained as to his expectations, the jury will disregard it.

Q. Did anyone tell you, Mr. Parren, that the case will be dismissed against you—

A. No.

Q. Just a minute let me finish the question, will you please?—that the case pending against you will be dismissed if you testify for the officers in this case?

A. No.

Q. No one told you that?

A. No.

The apparent purpose of defense counsel's cross-examination as to the pending case against the informer was to make the jury aware of a possible motive for his testimony. On this record there is no basis for the claim that the defendant was deprived of the right to explore the possibility that Parren's testimony had been motivated by hopes for leniency. People v. Baker, 16 Ill2d 364, 158 NE2d 1.

It is urged that the defendant was prejudiced by the remarks of the prosecutor made in closing argument which were based on testimony ruled inadmissible. It appears from the record that when Officer Crigler entered the apartment, the defendant went into the bathroom and locked the door. On redirect the prosecutor asked him if he heard the toilet flush while he was outside. He answered he did and the court sustained an objection and instructed the jury to disregard the answer. The

438

court also sustained an objection to the question whether the officer heard any strange noises from that room. In closing argument the prosecutor, after discussing the fact that one of the recorded dollars was missing, stated "Now, they talk about where is the other dollar, or, two dollars only were recovered and three were spent by Nathaniel Parren. This defendant was in a washroom and you heard Officer Crigler testify he heard a flushing sound." An objection was sustained to the latter remark and the court instructed the jury to disregard this statement as not being in the evidence. When the prosecutor again referred to the word "flushing" he voluntarily apologized stating that he kept forgetting that the objection to this evidence was sustained. The court again admonished him not to forget because ˚noises emitting from the closed door were not in evidence.

▇▇ People v. Garreau, 27 Ill2d 388, 189 NE2d 287, cited by defendant involved a rape charge and the jury fixed the defendant's sentence to a term of 199 years. There the prosecutor made certain remarks implying that the defendant had a propensity toward continuing ˳deviate sexual conduct. The remarks, which we do not need to repeat, were held to be prejudicial even though the objections were sustained. The court stated there was no evidence in the record to justify the remarks and that they were so clearly prejudicial that they could not be cured by an admonishment to the jury. In the case at bar the defendant admitted being in the bathroom and when he came out only two of the recorded $1 bills were found on his person. The remarks of the prosecutor, although improper, do not require a reversal as, in our opinion, they were of a minor character and not necessarily prejudicial. People v. Swets, 24 Ill2d 418, 182 NE2d 150. The prosecutor promptly acknowledged his mistake which was apparent to both the court and the jury, and it is unlikely to have influenced the verdict in light of the other evidence in the

case. People v. Green, 27 Ill2d 39, 187 NE2d 708. No harm, in our judgment, appears to have resulted from this argument.

 It is finally contended that the defendant was denied a fair trial because the jury was confused by the evidence. After the jury began its deliberations the jurors were permitted to return to the courtroom where one of its members asked the court whether "the transaction of money, of denominations, if it was singles or if it was five dollar bills involved." The trial judge declined to answer the question and the jury renewed deliberation and subsequently returned a verdict of guilty. No objection was made to the juror's inquiry, no motion for a mistrial was presented, nor was the jury polled. The evidence here so clearly indicates defendant's guilt that we cannot say the resulting verdict would have been different if the inquiry was not made. We find no merit to this contention.

For the reasons given the judgment is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.