THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellant, *v.* CARRIAGE WAY WEST, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-1036

Opinion filed September 2, 1980.—Modified on denial of rehearing September 29, 1980.

William J. Scott, Attorney General, of Chicago, *pro se* (Thomas M. Genovese and Stephen P. Juech, Assistant Attorneys General, of counsel), for appellant.

Richard S. Jalovec, of Chicago, for appellee Carriage Way West, Inc.

Sidley & Austin, of Chicago (William J. Nissen, of counsel), for appellee Carson, Pirie, Scott & Company.

Hayes Robertson and John L. Hopkins, of Flossmoor, for appellee Cherry Hills Country Club.

McDermott, Will & Emery, of Chicago (Samuel Weisbard, of counsel), for appellees Cog Hill Golf & Country Club, Fresh Meadow Golf & Country Club, Glenwoodie Golf & Country Club, and St. Andrews Golf & Country Club.

Hogan & McNulty, of Chicago (William E. McNulty, of counsel), for appellee Gleneagles Country Club.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Perry L. Fuller and D. Kendall Griffith, of counsel), for appellee Midwest Country Club.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Louis R. Bertani, John L. O'Brien, and Michael W. Hansen, of counsel), for appellee New Community Enterprises.

Petit & Safeblade, of Chicago (Edward Atlas, of counsel), for appellees Old Oak, Inc., and Villa Olivia Country Club.

Mitchell, Russell & Kelly, of Chicago (Thomas J. Russell, of counsel), for appellee Silver Lake Country Club.

Malato, Stein & Grossman, of Chicago (Robert S. Minetz and Stephen H. Malato, of counsel), for appellee Sportsman Country Club.

Rothschild, Barry & Myers, of Chicago (Edward I. Rothschild and Melvin I. Miskin, of counsel), for appellee Timber Trails Country Club.

Levy & Erens, of Chicago (Howard A. Tullman and Michael A. Weinberg, of counsel), for appellee Westgate Valley Country Club.

Klein, Thorpe & Jenkins, Ltd., of Chicago (E. Kenneth Friker and Gerard E. Dempsey, of counsel), for appellee Big Run Golf Club.

Schumacher, Jones, Vallely, Kelly & Olson, of Chicago (Edwin A. Ptak, of counsel), for appellee Al Lehman.

Ancel, Glink, Diamond & Murphy, P. C., of Chicago (Ronald M. Glink, of counsel), for appellee Harold Friedman.

Michael W. Rathsack, of Chicago, for appellee Steven Gianakas.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Kenneth H. Hoch, of counsel), for appellee Chicagoland Golf Association, Inc.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, State of Illinois, brought this civil action under the Illinois Antitrust Act (Ill. Rev. Stat. 1975, ch. 38, pars. 60—3(1)a and 60—7(4)) against 23 defendants (18 public golf courses located in and around Cook County, 4 individuals and the Chicagoland Golf Association, Inc.). The State alleged that defendants had conspired to fix, raise and maintain greens fees and golf cart rental rates. On defense motions, the State's complaint was stricken and its cause was later dismissed for want of equity. The State appeals, asserting the sufficiency of its complaint.

The State's complaint alleged that defendants and co-conspirators met from October 1970 continuing through 1975 under the auspices of the Chicagoland Golf Association at various locations in Cook County and at various Association members' places of business. There, defendants agreed upon the greens fees and golf cart rental rates charged to the public. They

also established a uniform calendar for winter and summer rates. The complaint further alleged that defendants and co-conspirators not attending the meetings "were informed of the discussions and agreements reached at these meetings by receiving printed minutes prepared by the Secretary of the Association." The State maintained that as a result of this combination and conspiracy fees charged by the Association members have been raised and fixed and that competition has been suppressed.

The State sought a permanent injunction restraining defendants from continuing their combination and conspiracy and the imposition of a $50,000 penalty against each defendant.

Certain defendants filed motions contesting the sufficiency of this complaint pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 45 and 48). On November 4, 1977, the circuit court ordered the complaint stricken for failure to state a cause of action and gave the State leave to file an amended complaint within 60 days. The court found the complaint was defective because "* * * the facts to support the conspiracy allegations should be pleaded, * * * relative—as to what Defendant did what."

Rather than amend its complaint, the State brought a mandamus action in the Illinois Supreme Court. That petition was denied on January 10, 1978. On January 11, 1978, the State moved for leave to file a first amended complaint instanter. The circuit court denied that motion on January 17, 1978, noting that the "plaintiff chose not to file an amended complaint within the 60 days provided by this Court's order of November 4, 1977, but to proceed otherwise."

The State then appealed the circuit court's orders of (1) November 4, 1977, striking the complaint for failure to state a cause of action, and (2) January 17, 1978, denying leave to file a first amended complaint instanter. On August 7, 1978, this court dismissed the State's appeal for lack of a final and appealable order.

On August 28, 1978, certain defendants and the State filed motions in this court to reconsider the dismissal of the appeal. Defendants moved, alternatively, for an order allowing the parties to refile their briefs in the event of any further appeal to this court. On September 6, 1978, we denied all motions to vacate the dismissal of the appeal. However, we ordered that if, on remand, the trial court entered an order final in form, the appeal would be redocketed with a supplemental record and the parties' original briefs submitted to the court.

On October 4, 1978, the State moved the trial court for instructions on how to proceed. On that date the trial court ruled that it had no instructions to give. On November 22, 1978, the State moved this court to reinstate the appeal. We denied this motion for lack of jurisdiction, noting that our mandate had issued on November 1, 1978.

On January 12, 1979, the State filed a motion in the circuit court for

leave to file a first amended complaint instanter or, alternatively, for an order of dismissal final in form. On March 8, 1979, the circuit court ordered the State's complaint dismissed with prejudice for want of equity.

The State now appeals from this final order and also renews its appeal of the court's orders of November 4, 1977, and January 17, 1978.

■■ By bringing a *mandamus* action challenging the circuit court's striking of its complaint and by failing to file an amended complaint within 60 days, the State elected to stand on its original complaint. Failure to plead over within the time allowed by the trial court operates as an election to stand on the original pleading. (See *Campbell v. Harrison* (1973), 16 Ill. App. 3d 570, 306 N.E.2d 643; *Brainerd v. First Lake County National Bank* (1971), 1 Ill. App. 3d 780, 275 N.E.2d 468.) Having made this election, its attempt to file an amended complaint instanter was, under the circumstances, without legal effect. Accordingly, the dispositive issue upon review is whether the original complaint was properly stricken by the trial court.

The State submits that the complaint at issue was modeled after an antitrust criminal indictment found sufficient in *People v. Crawford Distributing Co.* (1972), 53 Ill. 2d 332, 291 N.E.2d 648. It argues that if the indictment in *Crawford* was sufficient to withstand the more stringent due process standards of a criminal proceeding, then the instant complaint seeking a civil penalty for violation of the identical section of the Antitrust Act (Ill. Rev. Stat. 1975, ch. 38, par. 60—3(1)(a)) meets the requirement of the Civil Practice Act.

The *Crawford* indictment is part of our record as an exhibit attached to the State's memorandum in opposition to the motion to dismiss. In that case, seven corporations and six executives of those corporations were charged by indictment with combining and conspiring to fix, control and maintain the price of beer sold at wholesale in Macon County, Illinois. The indictment charged a violation of section 3(1)(a) of the Antitrust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60—3(1)(a)) and alleged that defendants:

"(a) held periodic meetings to plan and carry out the terms of the aforesaid conspiracy;

(b) increased and fixed the price of beer sold at wholesale by the Defendant Distributors to Retailers located in Macon County, Illinois."

In *Crawford*, defendants sought to dismiss the indictment in the trial court because of a claim of immunity and because the Antitrust Act was allegedly unconstitutional. Defendants also contested the sufficiency of the indictment in the trial court. The supreme court determined that the indictment was sufficiently particular to enable defendants to prepare a defense and to preclude further prosecutions; it adequately informed defendants of the charges against them. Ill. Rev. Stat. 1975, ch. 38, par. 111—3.

■■ A different legal standard governs the instant case. The complaint must

be judged by standards concerning civil pleadings because the State elected to stand upon the sufficiency of its stricken complaint. A complaint which is vague, ambiguous or indefinite in some respect may properly be stricken with leave to plead over. (*Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723; *Arthur Rubloff & Co. v. Leaf* (1952), 347 Ill. App. 191, 106 N.E.2d 735.) Where plaintiff elects to stand on his stricken complaint, he is bound by its wording (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 365 N.E.2d 1191), and the court may dismiss the complaint where the wording is ambiguous or indefinite. *Van Dekerkhov v. City of Herrin.*

■■ While pleadings are to be liberally construed, a complaint must, nonetheless, contain substantial averments of fact necessary to state a cause of action. (Ill. Rev. Stat. 1975, ch. 110, par. 31; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182.) "Notice pleading," which is authorized by the Federal Rules of Civil Procedure (*Conley v. Gibson* (1957), 355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99), is not permitted in Illinois. (*Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327.) Moreover, the complaint may not merely paraphrase the law, "as though [the pleader] needs only to say that his case will meet legal requirements, without stating the facts." *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 276, 151 N.E.2d 819.

■■ On the other hand, plaintiff should plead "ultimate" rather than "evidentiary" facts in his complaint. A motion to dismiss admits neither legal conclusions (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 980, 387 N.E.2d 785) nor conclusions of fact "unsupported by allegations of specific facts upon which such conclusions rest." (*E.g., Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881; *Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747.) Our supreme court has pointed out that these distinctions are sometimes not easily drawn (*Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 376, 282 N.E.2d 723):

> "* * * The same allegation may in one context be deemed to be one of ultimate fact, while in another, '* * * where from a pragmatic viewpoint some of these words do not give sufficient information to an opponent of the character of evidence to be introduced or of the issues to be tried, they are held to be legal conclusions. What is law, what are facts, and what is evidence, for pleading purposes, can be determined only by a careful consideration of the practical task of administering a particular litigation.' McCaskill, Illinois Civil Practice Act Anno., p. 70 (1933)."

Accordingly, the *Crawford* court's decision sustaining the sufficiency of a criminal indictment upon review is of little consequence to our task of reviewing the trial court's application of the rules of pleading pursuant to the Civil Practice Act.

■■ *Crawford* is distinguishable for a second reason which also provides

our rationale for sustaining the trial court's order striking the State's complaint. Unlike the *Crawford* indictment, the allegations of the present complaint set forth two classes of unidentified defendants charged with acts of differing legal effect. One anonymous class is charged with meeting at unknown times at unknown places to discuss and agree upon fees. The second class of unidentified defendants did not attend the meetings but "were informed of the discussions and agreements reached at these meetings by receiving printed minutes prepared by the Secretary of the Association." Assuming *arguendo* that the pleadings as to the first class were sufficient, this latter class of defendants was not charged with the making of any unlawful combination or agreement, but only with knowledge that such a combination or agreement existed. Mere knowledge, acquiescence, approval, or attempt to perpetrate the illegal act does not constitute conspiracy. (*People v. Persinger* (1977), 49 Ill. App. 3d 116, 122, 363 N.E.2d 897, *cert. denied* (1978), 435 U.S. 917, 55 L. Ed. 2d 509, 98 S. Ct. 1474.) Moreover, a conspiracy cannot be established by evidence of a mere relationship or transaction between defendants. *People v. Gates* (1963), 29 Ill. 2d 586, 195 N.E.2d 161, *cert. denied* (1964), 377 U.S. 934, 12 L. Ed. 2d 298, 84 S. Ct. 1338.

■■ Failure to allege what acts each defendant is charged with is an ambiguity which serves as grounds for striking the complaint. (*Brainerd v. First Lake County National Bank* (1969), 109 Ill. App. 2d 251, 248 N.E.2d 542.) The burden is always on the plaintiff to prove the liability of specific defendants. It is not sufficient to prove that some unspecified members of a group of defendants are liable. *Hayes v. Alsburg* (1978), 72 Ill. 2d 560, 382 N.E.2d 239; see also *United States v. E. I. Du Pont De Nemours & Co.* (N.D. Ill. 1952), 13 F.R.D. 98.

In *Vermilion Foam Products Co. v. General Electric Co.* (E.D. Mich. 1974), 386 F. Supp. 255, 259, the court noted the requirements for stating a cause of action under the Sherman Act (quoting from *United States v. North Coast Transportation Co.* (W.D. Wash. 1947), 7 F.R.D. 491):

> "'There must be an agreement of some character before there can be a conspiracy. This agreement need not be in writing * * * but there must be * * * circumstances which would justify the court in reaching the conclusion that a combination had been formed. There must be alleged certain acts of each of the alleged conspirators which would connect him or it with the conspiracy, and after the conspiracy has once been shown to exist, the overt act of any one of the alleged conspirators would be binding upon all. Each of the defendants, therefore, has a right to know what he or it is alleged to have done which made him or it a part of the conspiracy and these acts should be alleged with sufficient definiteness. * * *'"

■■ In short, the fatal flaw with the State's complaint, recognized by the trial court, was the allegation that some defendants were liable merely

because of their knowledge of the conspiracy, or because of their business or social relationships with competitors (*i.e.*, Chicago Golf Association membership). Because this is an inadequate basis for liability and because the State does not distinguish which defendants belong to each class, its complaint is ambiguous and indefinite and did not state a cause of action.

The balance of the complaint does not cure this defect. The complaint charges defendants with engaging in an unlawful combination and conspiracy in restraint of trade. It further asserts that defendants entered into an agreement to fix, control and maintain greens fees and cart rentals. These general allegations are conclusory, do not state specific, underlying facts upon which the conclusions rest and, in part, merely restate the statutory language. Accordingly, the complaint was properly stricken. See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723; *Miles Homes, Inc. v. Mintjal* (1974), 17 Ill. App. 3d 642, 307 N.E.2d 724.

We are mindful of the State's concern that antitrust conspiracies are often secret or camouflaged and have to be proved from inference drawn from circumstantial evidence. (*United States v. Parke, Davis & Co.* (1960), 362 U.S. 29, 44, 4 L. Ed. 2d 505, 515, 80 S. Ct. 503, 512; *People v. Persinger* (1977), 49 Ill. App. 3d 116, 363 N.E.2d 897, *cert. denied* (1978), 435 U.S. 917, 55 L. Ed. 2d 509, 98 S. Ct. 1474.) The State urges that we be guided by the court's comments concerning pleading standards in *Brett v. First Federal Savings & Loan Association* (5th Cir. 1972), 461 F.2d 1155, 1157-58:

> "Defendants urge that plaintiffs' complaint is fraught with conclusory allegations of law, and thus that no claim was or could be stated on which the district court could have granted relief. The current trend, however, is toward greater liberality in pleading anti-trust claims. See Wright & Miller, Federal Practice and Procedure, §1228, at 170.
>
> Although plaintiffs may be unable to allege specific facts proving actual acts of agreement or conspiracy, the pleadings are sufficient if they set forth facts from which an inference of unlawful agreement can be drawn. Actual agreements are seldom capable of proof by direct testimony and thus circumstantial evidence may be allowed to establish an alleged conspiracy. [Citations.] Plaintiffs cannot be required to plead with specificity the very facts which can only be proven by circumstantial evidence."

Although Federal precedents are controlling in construing similar provisions of the Illinois Antitrust Act (Ill. Rev. Stat. 1975, ch. 38, par. 60—11), Illinois is not a notice-pleading jurisdiction. Even under the more liberal Federal pleading standard, the State's complaint is fatally defective because it alleges that some defendants had mere knowledge of the combination and conspiracy in restraint of trade. We believe it was incumbent

upon the State to use its broad investigative powers (Ill. Rev. Stat. 1975, ch. 38, par. 60—7.2) to distinguish between those two classes of defendants prior to filing its complaint.

For all of the aforementioned reasons, the orders of the circuit court of Cook County are affirmed.

Orders affirmed.

McGLOON and CAMPBELL, JJ., concur.